## Hoskins v. McGuire.

## Brandenburg v. Phillips.

## Brandenburg v. Shearer.

(Decided May 19, 1922.)

## Appeals from Lee Circuit Court.

1. Elections—Corrupt Practices—Statement of Expenses.—Section 4, of the Corrupt Practices Act (section 1465b, Kentucky Statutes) is mandatory in so far as it requires all candidates to file statements of expenses before both primary and final elections, but directory as to the length of time same must be filed before such elections, and a reasonable and substantial compliance in this latter respect, depending upon the facts of each case, is all that is required.

2. Elections—Contest.—The election is prima facie valid upon a contest where the candidate who received the highest number of votes has complied with the mandatory provisions of the act, and where the contestant has neither pleaded nor proven facts showing that the filing of the statement on the 9th instead of the 15th

day before an election, involving only two election precincts, was not a reasonable and substantial compliance with the provision as to time, the election will not be declared void thereby.

3.  Elections—Statement of Expenses.—The pre-election statement required by section 4 of the act, supra, must be filed with the county clerk and not the sheriff in elections for offices involving only one county or less.

GOURLEY, GOURLEY & PARRISH for appellants.

BLAKEY & BLAKEY for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

These three election contest cases, involving the offices of mayor and councilmen in the city of Beattyville, Ky., present the same two questions of law and were heard together.

The appellants received majorities ranging from thirty-one to thirty-five on the face of the election returns, and were awarded certificates of election, but they were adjudged not entitled to the offices and same were declared vacant in the judgments appealed from upon the sole ground that they forfeited their rights to the offices by a failure to file pre-election statements of expenses, as required by section 4 of chapter 13 of the 1916 act, known as "The Corrupt Practice Act."

An attempt was made at the 1918 session of the legislature to amend section 4 of this act, but we held in Bingham v. Johnson, 193 Ky. 753, that this amendment was unconstitutional and that the section as originally enacted is still in force. The portion thereof involved here reads:

"Any person who shall be a candidate before any caucus or convention, or at any primary election, or any final election for any state, city, county, town, municipal or district office shall on the fifteenth day before the date for making such nomination, and also on the fifteenth day before the final election, file with the officer with whom his nomination papers must be filed in case of a primary, and with the chairman of the board authorized to issue the certificate of election after a final election, or with the secretary of state when nomination is made by caucus or convention for officers of the state at large, or for districts larger than one county, and with the county clerk in all other cases, a statement in writing, etc."

Appellants filed such a statement as is particularly described in this section with the clerk of the county court of Lee county on the 9th instead of the 15th day before the November election, which only is involved, but they did not file such a statement before the election with the sheriff of the county, who is chairman of the board authorized to issue the certificates of election.

We held in Sparkman v. Saylor, 180 Ky. 263, 202 S. W. 649; McKinney v. Barker, 190 Ky. 526, 203 S. W. 303; Hardy v. Russell, 181 Ky. 287, 204 S. W. 145; and Bingham v. Johnson, *supra,* that the filing of a pre-election statement of expenses, as required by this section, is mandatory and a failure to do so will upon a contest forfeit the office, but that the time for filing same is directory only, and a reasonable and substantial compliance in this latter respect, depending upon the facts of a particular case, is all that is required.

We further held in the Sparkman case that "the election is *prima facie* valid and not void where the candidate who receives the highest number of votes has complied with the mandatory provisions of the act." As the appellees, who are the contestants, have neither pleaded nor proven any facts showing that the filing of the statement on the ninth instead of the fifteenth day before the election was not a reasonable and substantial compliance with the provisions as to time, and as but two election precincts were involved in the election for these offices, the elections ought not to be declared void for this reason, if appellants complied with the mandatory provisions of the section, and appellees do not even contend otherwise.

Hence we may dismiss this feature of the cases without further discussion.

The real question for decision, therefore, is whether, as contended by appellees and held by the lower court, the portion of section 4 of the act quoted above requires the pre-election statement, where the election district is only part of a county, to be filed not only with the county clerk but also with the sheriff, who is chairman of the board authorized to issue certificates of election. This is a question not heretofore presented to this court.

The language of this section is so complicated and involved that it is quite difficult, if not impossible, to determine with certainty just what the legislature meant to provide, but considered alone, the construction placed upon it by the lower court is not entirely without force;

although even when so considered it is certainly not clear with whom it was intended a pre-election statement should be filed.

Separating its provisions and inserting numerals for ease of reference, the section requires that all candidates for public office shall file a verified expense account, on the 15th day before both the primary and the final election,

(1)   with the officer with whom nomination papers must be filed in case of a primary, *and*

(2)   with the chairman of the board authorized to issue the certificate of election after a final election, *or*

(3)   with the secretary of state when a nomination is made for officers of state at large or districts larger than one county, *and*

(4)   with the county clerk in all other cases.

Clause (1) seems to refer to primaries only, and clause (2) to final elections, and if these were all we would feel sure each ought to be so confined and the two would indicate certainly the officer with whom the statement had to be filed in every case, no matter how large or small the district. But clause (3), beginning with "*or*" seems to give candidates the option of filing their pre-election statements with the secretary of state in primaries or conventions (but not in regular elections) when the district is larger than one county, and under (4) with the county clerk in all other cases.

This literally means that candidates shall file pre-election statements:

With the officers indicated in (1) in primaries,
*and*   with those named in (2) in regular elections,
*or*     with those named in (3) in primaries in larger districts than one county,
*and*   (4) in all other cases with the county clerk.

Complying with 1 *and* 2 or 3 *and* 4 would seem to be a literal compliance with the section. As (1) and (3) obviously apply only to primaries and conventions, they are not applicable here. Hence appellants seemingly had the option to file their statements under (2) or (4), that is, with the sheriff or the county clerk, if the section is to be construed literally and by itself, and as referring only to pre-election statements of expense.

But the lower court did not so construe it, and considering this section and its evident purpose as a part of the whole act, which is an effort to prevent corrupt practices in elections, we reach a very different conclusion and one that we think more nearly accords with the legislative intent, thus awkwardly expressed.

Nomination papers and certificates of nomination and election are required to be filed with the county clerk or with the secretary of state, depending upon the size of the election district. Both of these officers are ordinarily made custodians of records pertaining to both primary and regular elections, as well as other public matters, and to these officers the public generally are accustomed to resort for information affecting matters of public concern. The evident purpose of the legislature in enacting section 4 of this act, and requiring pre-election statements of expense to be filed by all candidates for public office, was to confine the expenditures within prescribed limits of all candidates to legitimate purposes by making such expenditures a matter of public information long enough before the convention, primary or regular election to enable the voters to inform themselves thereof.

It is certain this could best be accomplished by filing the statement with the county clerk where only the county or part thereof was involved, and with the secretary of state when more than one county was included in the election district and this is what we feel sure the legislature intended by this very involved provision.

The only portion of the section the least bit inharmonious with such a construction is clause (2), providing for the filing of a statement of expenses with the chairman of the board authorized to issue the certificate of election "after a final election." Even this seeming lack of harmony is largely obviated if this means that "after a final election" a statement of expenses shall be filed with the chairman of the election board authorized to issue the certificate of election, and this, we believe, is what is meant by this clause, and what it certainly would mean if the words "after a final election" are transposed as above indicated.

This belief is strengthened by section 6 of the act, which provides for the filing of statements of expenses within 30 days after conventions, primaries and final elections with "the officers above mentioned," who are

not otherwise named than in section 4. Section 7 also lends strength to our construction, as it indicates the only conceivable reason for requiring any statement to be filed with the chairman of the election board, by providing that no certificate of nomination or election shall be issued by the board to any candidate who has not filed the required statements of expenditures.

These several sections therefore mean, we think, that the pre-election statement must be filed with the county clerk or the secretary of state, depending upon the size of the election district, and the post-election statement must be filed with the chairman of the board authorized to issue the certificate of nomination or election, whose identity also depends upon the size of the district, and who is the sheriff in elections involving one county or any part thereof.

As appellants filed their pre-election statements with the county clerk as was proper under our construction of the statute, the court erred in holding their elections void for failure also to file same with the sheriff, with whom presumably they filed their post-election statements, since they received the certificates of election and there is no claim of a failure in this respect.

Wherefore the judgment is reversed in each case, with directions to dismiss the contests.