## STATE EX REL. FRENZEL v. WYOMING STATE BOARD OF EXAMINERS IN OPTOMETRY

(No. 2036; December 23, 1937; 74 Pac. (2d) 343)

For the appellant, there was a brief and an oral argument by *Ewing T. Kerr* of Cheyenne.

For the respondent, there was a brief and oral argument by *George W. Ferguson* of Casper.

BLUME, Chief Justice.

This is an action in mandamus to compel the Wyoming State Board of Examiners in Optometry, hereinafter called the Board, to issue a certificate to W. A. Frenzel, relator herein, to practice optometry in this state, he having tendered all past-due license fees to the Board. The trial court rendered judgment herein directing the Board to issue a certificate as prayed for, and from this judgment the Board has appealed. It appears that the relator herein commenced the practice of optometry in this state about 1915. In 1917 the legislature enacted a law hereinafter mentioned, recognizing the practice of that science, and prescribing certain requirements in relation thereto. When this law was passed the relator was granted a certificate provided in

the law, and he continued to practice in this state until the year 1929. During that year he left the state and moved to the state of Illinois. On January 12, 1929, he sent a check to the Board for the sum of $2.00 for his dues for the year 1929, but the check was returned unpaid on account of insufficient funds. It apparently was not sent for collection until February 20, 1929. On April 24, 1929, the Board directed a letter by registered mail to the relator at 925 Leland Ave., Chicago, Illinois, in words as follows, to-wit:

"Dear Sir:—

Your certificate to practice optometry in the State of Wyoming has been suspended and will probably be revoked under the provisions of Sections 9 and 10, of the Wyoming Compiled Statutes of 1917, at a stated meeting of the Board of Examiners in Optometry on May 27, 1929, Room 204, Henning Hotel, Casper, Wyoming. You will please take notice thereof and be governed accordingly.

Yours truly, B. F. Swisher."

The letter, duly registered, was never received by the relator, he having lived at the designated place, as testified to by him, but a comparatively short period of time. On May 27, 1929, his certificate to practice in this state was revoked on account of the non-payment of the license fee. Tenders of the fees required by the statute were subsequently made by the relator with the request that a license be duly issued to him, but the tenders were refused. The times as to when they were made are in dispute. The statutes involved herein are Sections 79-109 and 79-110, Rev. St. 1931, and read as follows:

79-109. "The board shall have power to revoke any certificate to practice optometry granted by it under the provisions of this chapter whenever it shall appear that the holder thereof has been wilfully guilty of fraud or deceit, either in procuring the same or in his practice, or by advertising optical business or treatment, or

giving advice in which untruthful or misleading statements are made, or when it is made to appear to the board that such person is incompetent, or is not of good moral character, or is afflicted with an infectious or contagious disease. Provided, that before any certificate shall be revoked, the holder thereof shall have written notice of the charge or charges against him, and a day specified in said notice, which shall be at least ten days if served in the county where the hearing is to be held, after the service thereof, otherwise twenty days after service; that he be given a public hearing, and have an opportunity to produce testimony in his behalf, and confront the witnesses against him. Provided further, that upon the revocation of any certificate, the holder thereof may appeal said matter to the district court of the county in which the practitioner resides, in the manner as is now or may hereafter be provided for appeals from justice's courts, and such laws are hereby made applicable. The secretary of the board shall send the files and a copy of the minutes in the matter before the board to the clerk of the district court of the county in which the appeal is taken, and such minutes and files shall constitute the records on appeal. The witnesses at all hearings before the board shall testify under oath, and for that purpose may be sworn by any member of the board, and shall receive three dollars per day each for their services to be paid by the person in whose behalf they testify. The board shall have power to compel the attendance of witnesses, and the production of documents at any such hearings. Any person, whose certificate has been revoked, may have the same regranted, upon satisfactory proof that the disqualification has ceased, or his disability removed.

79-110. "Every registered optometrist, who desires to continue the practice of optometry in this state, shall annually, on or before the first day of April, pay to the secretary of said board the sum of two dollars for such year, for which he shall receive a receipt, which shall permit him to practice optometry in all those counties of this state in which a certified copy of his said certificate is on file or of record in accordance with law, unless his said certificate be revoked under the provisions of this chapter. Should any person or persons

default in payment of any such annual fees, this certificate may be revoked, by said board, upon twenty days' notice of the time and place of considering such revocation. But no license shall be revoked for such non-payment, if the person so notified shall pay, before or at the time set for such consideration, his fee and such penalty as may be imposed by said board. Provided, that said board may impose a penalty of five dollars and no more on any one person so notified, as a condition of allowing his license to stand."

1. It is contended by the Board that an action in mandamus is not the proper remedy; that the statute has provided that an appeal may be taken from the action of the Board, accordingly excluding the remedy pursued in this proceeding. Attention is called to the provisions of Section 79-109, supra. We think that the contention cannot be sustained. The appeal provided for in Section 79-109, supra, relates, we think, exclusively, to the proceeding provided for in that section. The Board is therein authorized to revoke the license for specific conduct or conditions which are deemed to be such as to disqualify a holder of a license from continuing the practice of his profession. Special notice is provided to be given; a public hearing is to be held; evidence is to be taken. It is apparent that there is good reason to provide for an appeal to the courts in such a case. No such reason exists in the case of the revocation of a license on account of the non-payment of an annual fee. No evidence need be taken, and the hearing upon the question of revocation is but formal. Moreover, if notice is not received by the licensee, he would have no opportunity to appeal. It is, accordingly, clear that the provision in reference to an appeal to the courts cannot be held to apply in such a case, and the contention that mandamus is not the proper remedy must be overruled.

2. Counsel for appellant contends that it was the duty of the licensee to pay the fee prescribed by Sec-

tion 79-110, and that he is charged with knowledge of such duty. That, of course, is correct. At the same time, the Board is one created by statute; its powers are limited to those prescribed by the legislature, and it must, in the exercise of any power granted, comply at least substantially with statutory provisions. 37 C. J. 248. Counsel for appellant believes that it has done so. He argues that it was not necessary to serve the notice required by law upon the relator; that all that was necessary to be done was that the Board should make an honest effort in an attempt to serve the notice, and that the notice was not ineffectual if, as in this case, it is sent to the last known post office address of the licensee. Counsel has cited a number of cases, none of which, so far as we have been able to find, are in point. He cites, for instance, the case of Commonwealth v. Pollit, 285 Ky. 489, 80 S. W. (2d) 543, and claims that it is exactly in point. But that is not so. The statute involved in that case is materially different from the statute involved in the case at bar; it is substantially like Sec. 34-104, Rev. St. 1931. No notice of the cancellation was required, but the cancelled license could be restored upon the payment of a fee of $5.00. Section 79-110, supra, makes no provision for the restoration of the license as of course, after it has once been cancelled. Instead of a provision of that character, it is provided that twenty days' notice of the time and place of considering the revocation should be given. To provide for notice without service thereof would be substantially futile. Such provision necessarily includes the duty to serve it. We held in Clinton v. Elder, 40 Wyo. 350, 277 Pac. 968, in accordance with the general rule as stated in 46 C. J. 557, that "it seems to be well settled that where notice is required to be served it means personal service unless otherwise provided by statute." The rule in that case was elucidated in the case of Shoshoni Lumber Co. v. Fidelity & Deposit Co.,

46 Wyo. 241, 260, 24 P. (2d) 690, in which we held that in the absence of a statute to the contrary, service may be made through the United States Postoffice. The service in the case at bar was attempted to be made through that office, but the attempt was unsuccessful. No notice whatever has, accordingly, been given. The argument that an attempt, in good faith, to give notice, is a sufficient compliance with the statute, and takes the place of actual notice, cannot be sound. There was a purpose in making the provision—to give a further opportunity to the licensee to comply with the law. It may be that the legislature might have dispensed with notice altogether. But it has not done so. We cannot read the provision requiring it out of the law. It is not improbable that when the legislative act in question was passed, no thought was given to situations like that confronting us here. That can be remedied in the future. In the case at bar the law must be applied as we find it. The attempted revocation of the license was ineffectual, and the judgment of the trial court was right. It is, accordingly, affirmed.

*Affirmed.*

RINER and KIMBALL, JJ., concur.