ROBERT KRAUSS *v.* WILLIAM H. CRAWFORD
WILLIAM H. CRAWFORD *v.* ROBERT KRAUSS

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued January 7—decided March 5, 1947

*Henry J. Lyons,* with whom, on the brief, was *J. Kenneth Bradley,* for the appellant.

*Irwin E. Friedman,* with whom were *George N. Foster* and *Samuel E. Friedman,* for the appellee.

ELLS, J.  Two automobiles collided within the intersection of Park and Taft Avenues in Bridgeport. Each driver brought suit against the other, the cases were tried together, and verdicts were returned for

Krauss as plaintiff in one action and as defendant in the other. Crawford has appealed from the judgment in each case. The record in *Krauss* v. *Crawford* presents all of the issues raised by the two appeals, and our use of the term "plaintiff" and "defendant" relates to that case.

The plaintiff was driving west on Taft Avenue and the defendant was proceeding south on Park Avenue, and therefore the defendant's car was approaching the intersection of the two highways on the right of the plaintiff's car. There was the usual dispute as to which driver had the right of way, the evidence was in sharp conflict, and the court's charge as to the meaning of the phrase "arriving at such intersection at approximately the same time," as used in General Statutes, § 1639, as amended by § 544e, Cum. Sup. 1939, was an important factor in the cases. The defendant, in writing, requested the court to charge the jury as follows: "I cannot impress upon you too firmly that it does not make any difference which of the two vehicles entered the intersection first. The test is not the time of arrival at the entrance of the intersection but the reasonable apprehension on the part of the driver approaching from the left [that] if the two automobiles continued to run at the rate of speed in which they were running, their continuance upon their course would involve the risk of collision. McNaught vs. Smith, 127 Conn. [450]." The court was unusually careful in its charge upon this point, and repeatedly and accurately stated the test contained in the second sentence of the request. The defendant's complaint appears to be that the court did not adopt, verbatim, the first sentence of the request. The charge on this point was more than adequate.

The second assignment of error relates to the court's charge as to damages for loss of earning power. There was no request to charge relating to this matter, and no objection was made to the charge at its termination; therefore we do not consider the claim. Practice Book § 156.

The remaining claim has to do with a ruling upon evidence. After the plaintiff had testified in detail upon direct examination as to the facts concerning the accident, defendant's counsel asked him, on cross-examination, whether he had ever given a statement to anyone about the accident. The witness replied that he had given one to the police. Plaintiff's counsel objected and there followed a lengthy colloquy between the court and counsel which was concerned not with the question which had been asked and answered but with certain other questions which the defendant suggested he might ask and which would be generally directed towards eliciting from the witness whether he had made a statement to his insurer, and, if he had, with the question whether the defendant could require its production. The record states that there was a discussion "off record," followed by a statement by the trial court that it would "adhere to the ruling." The only previous ruling the trial court had made was to ask defendant's counsel if he proposed to follow a certain line of procedure based upon a suggested question and, when he answered that he did, to state that it would exclude the question. But no question was in fact asked the witness and excluded by the court. Claimed error in a ruling must be based on a finding stating the question, the objection, and the answer, if any. *Katz* v. *Richman,* 114 Conn. 165, 170, 158 A. 219; Practice Book § 359; Conn. App.

Proc., p. 116. The record presents no ruling which is properly before us for consideration.

There is no error.

In this opinion the other judges concurred.