317 P.2d 341

STATE of Idaho, Plaintiff-Respondent,

v.

Leland G. ALKIRE, Defendant-Appellant.

No. 8513.

Supreme Court of Idaho.

Oct. 31, 1957.

Hawkins & Miller, Wm. S. Hawkins, Scott White Reed, Coeur d'Alene, for appellant.

Graydon W. Smith, Atty. Gen., J. R. Smead, Asst. Atty. Gen., James W. Ingalls, Pros. Atty., Coeur d'Alene, for respondent.

**PORTER, Justice.**

An information wae filed against appellant in Kootenai County charging him with the crime of "Failing to file the statement of personal expenses required under Sections 34–620 and 34–621, I.C." The information alleged that appellant failed, neglected or refused to file with the County Auditor of Kootenai County a statement of his personal expenses affecting his nomination to the office of Sheriff of Kootenai County within twenty days after the date of holding the nominating election as provided in Sections 34–620 and 34–621, I.C. The cause was tried to a jury and resulted in a verdict of guilty upon which was entered a judgment of conviction. Appellant has appealed from such judgment to this court.

The determination of this appeal involves a construction of Sections 34–620 and 34–621, I.C. Section 34–620, I.C., reads as follows:

"Verified statement of personal expenses.— Every candidate for nomination under the terms of this act shall, not more than twenty days after the date of holding the nominating election at which he is a candidate, file a statement in writing, duly sworn to as to its correctness, with the officer with whom his declaration of candidacy is filed, setting forth under separate heads the sums of money and things of value or any other considerations contributed, paid or promised by him or anyone for him, with his knowledge or acquiescence for the purpose of securing or influencing, or in any way affecting his nomination to said office. Said statement must set forth sums paid as personal expenses and state generally the nature, kind and character of the expenses for which the sums were expended and on all sums in excess of ten dollars the party or parties to whom the

sums were paid and the purpose or purposes for which such payments were made; and in this statement all sums or other considerations promised and not paid, must be included. Such statements when so filed shall immediately be subject to the inspection and examination of any elector and shall be and become a part of the public records. *The county auditor must notify all county candidates and the secretary of state must notify all state and district candidates not later than ten days after the nominating election that filing of such statement is required.*" (Emphasis supplied.)

Section 34-621, I.C., makes a failure to comply wtih Section 34-620, I.C., a misdemeanor and prescribes the penalty therefor.

The evidence in this case discloses the following facts: The nominating election in question was held on August 14, 1956. Appellant was the only person filing a petition for nomination to the office of Sheriff of Kootenai County on the Republican ticket. His candidacy was without opposition and his expenses in connection therewith were nominal. The Auditor of Kootenai County prepared a notice under date of August 23, 1956, addressed to appellant, notifying appellant of the requirement that a statement of his expenses must be filed within twenty days after the nominating election. Such notice was mailed to appellant at his address of 306½ Sherman Avenue, Coeur d'-Alene, Idaho, although the exact date of mailing is not definite under the evidence. Appellant filed his statement of expenses on September 5, 1956, after the twenty days time allowed by the statute had expired.

During the trial appellant offered to prove that the notice of the County Auditor was erroneously delivered by a substitute mail carrier to the address of 306 Sherman Avenue, Coeur d'Alene, and that such notice was not actually received by appellant until the morning of September 5, 1956. This offer of proof was by the court denied.

It is the theory of respondent and was the theory of the trial court that the questions of whether or not the notice by the County Auditor required by statute was given or whether or not the same was given within the time prescribed by statute were immaterial and that a failure to give the notice or to give the same within the time prescribed by statute would not constitute a complete defense or any part of a defense to the action. The trial court early in the trial in effect announced such to be the principle upon which the case would be tried and made his rulings thereafter and instructed the jury in accordance with such interpretation of the statute.

It is the theory of appellant that until he had received the notice provided by Section 34-620, I.C., he could not be held to have violated such section, and that he was entitled to a reasonable time after receipt

of the notice within which to file his statement of expenses.

There is considerable discussion in the briefs of the parties as to whether the offense described in Section 34–620, I.C., is one to be classified as malum prohibitum or one which requires proof of criminal intent or criminal negligence. In our view it is unnecessary to discuss and determine the nature of the offense in order to decide this appeal. For a discussion of the nature of statutes of similar import, see Adams **v.** Lansdon, 18 Idaho 483, 110 P. 280.

▉ The statute does not prescribe the kind of service of notice which must be made. The County Auditor chose to make service of the notice by mail. Such service was not complete until the notice came into the hands of appellant. 66 C.J.S. Notice § 18 e. (1), pp. 662–663; Cameron v. Shuttleworth, 75 Ariz. 61, 251 P.2d 659. In this case the offer of proof and the evidence clearly indicate that the notice was not in fact received by appellant until the 5th day of September, 1956. The notice having been mailed and having been actually received by appellant, the requirement of the statute as to the giving of notice was sufficiently complied with except that the giving of the notice was not completed until it was actually received by appellant after the expiration of the twenty days for filing his statement of expenses.

▉. To concur with the theory of respondent and of the trial court that the failure to give notice within the time required was immaterial and constituted no defense or part of a defense in this action, would be to render the requirement of notice meaningless and make such provision surplusage in the statute. This is contrary to the rule that all parts of the statute must be given effect if it can be done. Adams v. Lansdon, supra; State ex rel. Frenzel v. Wyoming State Board of Examiners, 52 Wyo. 328, 74 P.2d 343. The state, by Section 34–620, I.C., says that candidates must file statements of expenses within twenty days after the nominating election. The state also says that the state, through the county auditor or secretary of state, as appropriate, must notify the candidate within ten days after the election that the filing of such statement is required. The state, having undertaken this obligation of notice, cannot convict a candidate of failing, neglecting or refusing to file such statement without allowing the candidate a reasonable time within which to file such statement after actual notice has been given and received. State ex rel. Frenzel v. Wyoming State Board of Examiners, supra; Sparkman v. Saylor, 180 Ky. 263, 202 S.W. 649; Hoskins v. McGuire, 194 Ky. 785, 241 S.W. 55; Board of Trustees v. People, 13 Colo. App. 553, 59 P. 72; Commonwealth v. Schrotnick, 240 Pa. 57, 87 A. 280, Ann.Cas. 1915A, 365. The statute gives the candidate ten days after receipt of notice within which to file his statement of expenses.

In this case the notice allegedly was not received until the 5th day of September and the candidate filed his statement of expenses the same day. This, if true, would be a substantial and sufficient compliance with the statute. The trial court was in error in ruling that the failure of the state to give the notice within the time required by statute was immaterial and in rejecting appellant's offer of proof.

Respondent concedes that the facts as to the receipt of the notice by appellant are as contained in appellant's offer of proof. In its brief, respondent says: "There is no question that in this case the written notice was not sent out at the time directed, and was not received until too late to file the itemized statement by this appellant, if the twenty-day limitation applied."

Since the facts as to the giving of the notice and the time of the receipt of same are not in dispute, it would serve no useful purpose to remand this cause for new trial. Under our holding, the undisputed facts show a good defense on the part of appellant. The judgment of conviction is reversed and the cause remanded with directions to the trial court to dismiss the same.

TAYLOR, SMITH and McQUADE, JJ., concur.

KEETON, C. J., concurs in the conclusion.