HYMAN REIVER & COMPANY, a corporation of the State of Delaware, and Charles J. Herrman, Sr., Individually and as guardian ad litem of Charles J. Herrman, Jr., a minor, Appellants,

v.

Louis MERLONGHI, Sr. and Mary M. Merlonghi, his wife, Appellees.

Supreme Court of Delaware.

Nov. 22, 1967.

Richard W. Pell, of Prickett, Ward, Burt & Sanders, Wilmington, for appellants.

Carl Schnee, Wilmington, for appellees.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice.

This is an automobile negligence case in which the jury returned a verdict for the plaintiffs. The main ground of the appeal is that the Trial Court erred in declining to hold that the plaintiff Louis Merlonghi (hereinafter "plaintiff") was guilty of contributory negligence as a matter of law in that he failed to keep a proper lookout and violated the right-of-way statute, 21 Del.C. § 4131(b)*.

* 21 Del.C. § 4131 provides:

"§ 4131. Vehicle approaching or entering intersection

"(a) The driver of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection from a different highway.

"(b) When two vehicles enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right.

"(c) The right of way rules declared in subsections (a) and (b) of this section are modified at through highways and otherwise as stated in this chapter."

■■■■■■■■■■■■■■■■■■

The following facts must be accepted for present purposes: This was a right angle collision in the center of the uncontrolled intersection at 29th and West Streets in Wilmington. West Street is one way south; 29th Street is one way east. The plaintiff's automobile was being operated in a southerly direction on West Street; the automobile, driven by the defendant Charles J. Herrman, Jr. (hereinafter "defendant"), was being operated east on 29th Street. Each street is approximately 25 feet wide; therefore, the intersection is approximately 25 feet square. The accident occurred mid-morning on a clear day. The plaintiff entered the intersection at about ten miles per hour. When within a car length of the intersection, the plaintiff looked to his right up 29th Street. He could see for about one-quarter of the block; he saw no traffic approaching. The plaintiff thereupon accelerated and entered the intersection, looking to the left as he did so. As his car reached the center of the intersection, the plaintiff looked to the right again, whereupon he saw the defendant's car for the first time. It was approaching the intersection, about a car length away, and "coming fast, excessively." The front of the defendant's automobile struck the middle of the right side of the plaintiff's car and turned it over. The defendant's car stopped at the point of impact after making skid marks approximately 12 feet long. The plaintiff made no attempt to stop before impact.

■■ Under these facts, we are of the opinion that the Trial Judge correctly held that the plaintiff's negligence was a question for the jury. Upon motion for directed verdict, the Trial Judge's guideline is whether, under any reasonable view of the evidence, the jury could justifiably find in favor of the plaintiff and against the defendant. Ebersole v. Lowengrub, Del., 208 A.2d 495 (1965). The Trial Court correctly resolved that question in favor of the plaintiff. Although finders of fact reasonably might differ on the issue, we cannot say that the plaintiff was guilty of negligence as a matter of law.

The defendant cites many cases which we find inapplicable because of factual differences. The recent case of Wootten v. Kiger, Del., 226 A.2d 238 (1967), upon which principal reliance is placed, is inapposite mainly because, there, the plaintiff admitted that she did not see the other vehicle approaching the intersection although she could view, and did view, an entire block of the intersecting street.

■■ The defendants also assert error in the instructions in that the Trial Judge read the text of 21 Del.C. § 4131(b), supra, to the jury without explaining the meaning of the words "at approximately the same time" contained therein. The language of the Statute, in our opinion, is clear and unambiguous. It was not error for the Trial Judge to refuse to enlarge upon plain statutory language. Compare Formosa v. Yellow Cab Co., 31 Cal.App.2d 77, 87 P.2d 716 (1939). In this connection, the defendants contend that the quoted words do not relate to the time of entrance into the intersection; that they relate to the time of reasonable apprehension of collision, citing Hall v. Root, 109 Conn. 33, 145 A. 36 (1929). The Connecticut rule apparently arises from a statute that governs vehicles "arriving at an intersection at approximately the same time." This language has been generally construed by the Connecticut courts to mean "approaching" the intersection at approximately the same time. See Hall v. Root, supra; Prato v. Coffey, 135 Conn. 445, 66 A.2d 113 (1949); Pizzarello v. Sheldon, 130 Conn. 643, 36 A.2d 376 (1944); Krauss v. Crawford, 133 Conn. 430, 52 A.2d 1 (1947); Vecchiarelli v. Weiss, 137 Conn. 660, 81 A.2d 123 (1951). Compare Wlodkowski v. Yerkaitis, 190 Md. 128, 57 A.2d 792 (1948). Our § 4131(b), on the other hand, expressly relates to actual entry into the intersection. Any change of the clear language of § 4131 (b), as urged by the defendants, would amount to impermissible judicial legislation.

We find no error in the judgment below. Accordingly, it is affirmed.