### State of Vermont v. Dean Robair

[336 A.2d 183]

No. 22-74

Present: Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.

Opinion Filed April 1, 1975

*Francis X. Murray*, State's Attorney and *Maureen Dewan*, Deputy State's Attorney, Burlington, for Plaintiff.

*Stephen S. Blodgett* of *Latham, Eastman & Tetzlaff*, Burlington, for Defendant.

**Smith, J.** The defendant, Dean Robair, was convicted of the crime of rape by jury trial in District Court of Vermont, Unit No. 2, Chittenden Circuit, on October 19, 1973. The defendant has taken his appeal here from the verdict and subsequent judgment.

Having in mind the issues presented in this appeal, we do not believe it is necessary to go into the sordid details of the alleged rape. The evidence of the State was that the defendant was one of three individuals who raped the complaining witness while a knife was held at her throat. The defendant took the stand in his own defense. The defense offered was that the claimed victim of the rape consented to the sexual encounters, and that while intercourse was had with her by the other two men in the group, which the defendant observed, no intercourse was had with him because of his inability to perform.

The first issue presented by the defendant is that his right of cross-examination was curtailed by the trial court. A state police officer, Michael Vinton, testified to a confession made to him by the defendant that the defendant had committed the rape. During cross-examination of the officer, objection was made by the State to the question, "You certainly weren't satisfied with the information he [the defendant] initially gave you, were you?" The question was answered in the negative by the witness. A conference followed at the bench, with the State informing the court that a danger was created that the word "polygraph" might be mentioned if questioning along this line continued. It was made known to the court, but

not to the jury, that the defendant had consented to take such a test. We cannot find from the record before us that the trial judge made any ruling limiting or excluding evidence. The pending question had been answered, and no more questions were asked of the witness by counsel for the defendant after the conference at the bench. Where no question is asked and excluded, there is no ruling which is properly for our consideration, and the trial court cannot be put in error. *Krauss* v. *Crawford*, 133 Conn. 430, 52 A.2d 1, 2 (1947); 4 C.J.S. *Appeal and Error* § 321 at 1025; *cf. In re Automobile Liability Insurance Rates*, 128 Vt. 73, 78, 258 A.2d 826 (1969).

■ The other issue raised by the defendant has to do with the testimony of one Doctor Harris who testified about his examination of samples taken from the vaginal area of the complaining witness by Doctor Ayer. The defendant objected to the admission of such evidence on the ground that there were missing links in the chain of evidence as to the custody and handling of the specimens during the routing from Doctor Ayer to Doctor Harris.

Whether or not a complete chain of evidence was established tracing the possession of the exhibits from the doctor who actually took such samples to the final custodian of them need not be considered by us. The only purpose of such exhibits was to prove that some person, or persons, had had intercourse with the complaining witness. That such acts of intercourse had taken place was admitted by the defendant in his own testimony. No claim was made that such exhibits did, or could, establish that the defendant had been the person, or one of the persons, who had engaged in intercourse with the alleged victim of the rape.

*Judgment affirmed.*