896 P.2d 334

**STATE of Idaho, Plaintiff–Respondent, Cross–Appellant,**

v.

**Gary GRIFFITH, Defendant–Appellant, Cross–Respondent.**

No. 21112.

Supreme Court of Idaho,
Twin Falls, March 1995 Term.

June 2, 1995.

Alan Lance, Idaho Atty. Gen.; Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for cross-appellant. Myrna A.I. Stahman argued.

Fuller & Williams, Twin Falls, for cross-respondent. Timothy J. Williams argued.

TROUT, Justice.

This is a drug trafficking and manufacturing case. The defendant, Gary Griffith (Griffith), initially sought review of two adverse evidentiary rulings. The State then cross-appealed the district court's grant of Griffith's motion to dismiss the jury verdicts which found Griffith guilty of manufacturing a controlled substance and manufacturing a controlled substance in the presence of children. Prior to oral argument, Griffith withdrew his appeal and argument was heard solely on the State's cross-appeal.

## I.

### FACTUAL SUMMARY

The Twin Falls police were called to the Griffith home after Griffith's wife, Bonnie, reported she had been battered by Griffith. The police arrested Griffith, whereupon he became angry and insisted that the police accompany him into the house. Griffith then showed them marijuana plants which were growing in the kitchen. He claimed these plants were grown by Bonnie while he was away in California. He also showed the officers marijuana seeds hidden in a waterbed. The police charged Griffith with manufacturing a controlled substance, manufacturing a controlled substance while children were

present, trafficking in marijuana, failure to affix a tax stamp, and battery.

The case went to trial, and the jury found Griffith guilty of all charges except battery. After trial Griffith brought a motion for judgment of acquittal, pursuant to I.C.R. 29(c). The trial court concluded that there was no evidence to support the charges of manufacturing a controlled substance or manufacturing a controlled substance in the presence of a child and, therefore, entered a judgment of acquittal on those two counts.

Originally, this case was appealed by Griffith, who contended that the trial court committed error in allowing the police officers to testify and identify the plants and seeds as marijuana, and also that the trial court erred in permitting testimony about the total number of marijuana plants. Prior to oral argument, Griffith withdrew his appeal and the sole issue now under review is the State's cross-appeal from the grant of the motion for judgment of acquittal.

## II.

## ANALYSIS

### A. *Interpretation of the manufacturing statutes*

■ A determination of whether the trial court correctly granted the motion to dismiss the jury verdicts requires us first to interpret the manufacturing statutes at I.C. §§ 37–2732, –2737A. When we review the trial court's interpretation of a statute, we exercise free review. *O'Loughlin v. Circle A Const.*, 112 Idaho 1048, 1051, 739 P.2d 347, 350 (1987).

■ Griffith argues that the manufacturing statutes contain an exception from prosecution under these statutes if the marijuana is being grown for personal use. The statutory definition of "manufacture" does contain an exception for personal use: "except that this term [manufacture] does not include the *preparation or compounding* of a controlled substance by an individual for his own use...." I.C. § 37–2701(r). (emphasis added).

The trial court concluded that this personal use exception was unclear and stated that it appeared that the legislature intended the personal use exception to encompass the growing of marijuana for one's own use. On appeal, Griffith asserts that the terms "preparation" and "compounding" which are activities that are exempt from punishment under the manufacturing statutes, should be interpreted broadly to include growing marijuana. Quite the contrary, we find that the statutes and definitions contained in the Uniform Controlled Substances Act are exceedingly clear and they do not contain the personal use exception urged by Griffith.

We begin our interpretation of the manufacturing statutes by reviewing the definition of "manufacture." The definition of "manufacture" includes all activities which the legislature determined were part of manufacturing, and these activities are prohibited *unless* included within the exception discussed above. These prohibited activities include:

"Manufacture" means the production, preparation, propagation, compounding, conversion or processing of a controlled substance, and includes extraction, directly or indirectly, from substances of natural origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis, and includes any packaging or repackaging of the substance or labeling or relabeling of its container....

I.C. § 37–2701(r).

■ Interestingly, the word "growing" is not found specifically within this definition. However, the term "production," which is included in the definition of "manufacture," is defined by the Act as follows: "production includes the manufacture, planting, cultivation, *growing,* or harvesting of a controlled substance." I.C. § 37–2701(aa). (emphasis added). Thus, the legislature has included the "growing" of a controlled substance, although it is found indirectly within the definition of "production." More importantly for the purposes of the issue presented by this appeal, "growing" is included within the definition of "production" as opposed to "preparation" or "compounding." It would make no sense for the legislature to have specifically placed the growing of a controlled substance

within the definition of "production" had it intended to define either "preparation" or "compounding" as growing a controlled substance. We have previously held that "[t]his Court is required to give effect to [every] word, clause and sentence of a statute." *University of Utah Hosp. & Medical Ctr. v. Bethke,* 101 Idaho 245, 248, 611 P.2d 1030, 1033 (1980) (citing *Messenger v. Burns,* 86 Idaho 26, 382 P.2d 913 (1963); *State v. Alkire,* 79 Idaho 334, 317 P.2d 341 (1957)). "Statutes must, if possible, be construed to give force and effect to every part thereof." *Union Pac. R.R. Co. v. Board of Tax Appeals,* 103 Idaho 808, 812, 654 P.2d 901, 905 (1982). It is obvious from the statutory definitions that growing is not the same as preparation or compounding, but rather it is the same as production. The legislature did not include the term production in the exception for personal use, and therefore the growing of a controlled substance, whether for personal use or otherwise, is punishable pursuant to I.C. §§ 37–2732, –2737A. Thus, we find that the trial court erred in holding that the growing of marijuana was within the personal use exception.

### B. *Trial court's grant of motion of judgment of acquittal*

■ When we review the grant or denial of a motion for judgment of acquittal, we examine the record for sufficiency of the evidence supporting the trial court's determination. The trial court must deny the motion if there is some evidence of guilt produced at trial. *State v. Gratiot,* 104 Idaho 782, 663 P.2d 1084 (1983). Conversely, the motion shall be granted if the record reflects a total lack of inculpatory evidence at trial. *State v. Vargas,* 100 Idaho 658, 659, 603 P.2d 992, 993 (1979) (citing *State v. O'Bryan,* 96 Idaho 548, 531 P.2d 1193 (1975)).

■ In the present case, we are called upon to review the trial court's grant of a motion for judgment of acquittal. Therefore, we review the record to determine if there is indeed no evidence upon which a guilty verdict can be based. *Id.* We find that the trial court erred in concluding that there was no evidence produced at trial upon which a guilty verdict for manufacturing a controlled

substance, or manufacturing a controlled substance in the presence of a child, could be based. It reached this erroneous conclusion based upon the incorrect analysis of the statutory exemption discussed above. Under our interpretation of the Uniform Controlled Substances Act, proof that Griffith was growing marijuana, irrespective of the purpose, is evidence upon which a guilty verdict on a charge of manufacturing can be based.

■ We find that the trial transcript contains ample evidence that Griffith was involved with the growing of marijuana and that this activity took place in the presence of children. Brandy, Griffith's stepdaughter, testified that she witnessed Griffith watering the plants. Additionally, Bonnie testified that the plants were being grown by Griffith. This is evidence to support a finding that the plants were Griffith's and that he grew them in the presence of a child. Because the State produced evidence that Griffith manufactured marijuana, we hold that the trial court erred in granting the motion for judgment of acquittal. *Id.*

### III.

### CONCLUSION

The district court's grant of a judgment of acquittal on the two manufacturing charges is reversed. We order the case remanded for entry of judgments of conviction based upon the jury's verdict and for sentencing.

McDEVITT, C.J., and JOHNSON, SILAK and SCHROEDER, JJ. concur.