936 P.2d 707

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Gary Wayne GRIFFITH, Defendant– Appellant.**

No. 22541.

Court of Appeals of Idaho.

April 24, 1997.

Jensen & Burr–Jones, Burley, for appellant. A. Elizabeth Burr–Jones argued, Burley.

Hon. Alan G. Lance, Attorney General; Myrna A.I. Stahman, Deputy Attorney General, argued, Boise, for respondent.

PERRY, Judge.

Gary Wayne Griffith appeals from his judgments of conviction for manufacturing a controlled substance, I.C. § 37–2732(a), and manufacturing a controlled substance where children are present, I.C. § 37–2737A. Griffith argues that because the state did not offer evidence that the marijuana contained tetrahydrocannabinols (THC), there was insufficient evidence to find him guilty. Griffith also claims that he received ineffective assistance of counsel. We affirm.

## I.

## BACKGROUND

The facts leading to Griffith's arrest and the subsequent proceedings are as follows:

The Twin Falls police were called to the Griffith home after Griffith's wife, Bonnie, reported she had been battered by Griffith. The police arrested Griffith, whereupon he became angry and insisted that the police accompany him into the house. Griffith then showed them marijuana plants which were growing in the kitchen. He claimed these plants were grown by Bonnie while he was away in California. He also showed the officers marijuana seeds hidden in a waterbed. The police charged Griffith with manufacturing a controlled substance, manufacturing a controlled substance while children were present, trafficking in marijuana, failure to affix a tax stamp, and battery.

The case went to trial, and the jury found Griffith guilty of all charges except battery. After trial Griffith brought a motion for judgment of acquittal, pursuant to I.C.R. 29(c). The trial court concluded that there was no evidence to support the charges of manufacturing a controlled substance or manufacturing a controlled substances in the presence of a child and, therefore, entered a judgment of acquittal on those two counts.

*State v. Griffith,* 127 Idaho 8, 9–10, 896 P.2d 334, 335–36 (1995). The case was appealed, and the Idaho Supreme Court reversed the district court's grant of Griffith's motion for judgment of acquittal. *Id.,* at 11, 896 P.2d at 337. On remand, the district court entered judgments of conviction for the two manufacturing crimes. The district court sentenced Griffith to a unified term of two years, with one year fixed, for manufacturing a controlled substance. The sentence was ordered to run concurrently with the sentences imposed for trafficking in marijuana and failure to affix a tax stamp. The district court also sentenced Griffith to a fixed five-year sentence for manufacturing a controlled substance where children are present and ordered that the sentence run consecutively to the other sentences. Griffith appealed.

## II.

## DISCUSSION

### A. Evidence of THC

Griffith argues that I.C. § 37–2701(s) requires the state to prove that the marijuana contained THC. Griffith claims that, because the state did not offer such evidence, there was insufficient evidence for the jury to find him guilty.

### 1. Statutory Construction

We apply the rules of construction to a statute when the statute is ambiguous. *State v. Raudebaugh,* 124 Idaho 758, 761–62, 864 P.2d 596, 599–600 (1993). However, if the statute is unambiguous, we will interpret the statute in accordance with its language. *Id.* Idaho Code Section 37–2701(s) states, in part:

"Marijuana" means all parts of the plant of the genus Cannabis, regardless of species, and whether growing or not; the seeds thereof; the resin extracted from any part of such plant; and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds *or resin. . . .* Evidence that any plant material or the resin or any derivative thereof, regardless of form, contains any of the chemical substances classified as tetrahydrocannabinols shall create a presumption that such material is "marijuana" as defined and prohibited herein.

We conclude that this section of the statute is unambiguous, and we will interpret it according to its language. As we read I.C. § 37–2701(s), the state is not required to offer evidence that the material disputed at trial contains THC in order to prove such material is marijuana. As the statute indicates, however, if the state does introduce evidence that the material contains THC, it creates a presumption in favor of the state that the material is in fact marijuana. *See* I.R.E. 303. Accordingly, we conclude that under I.C. § 37–2701(s), the state was not required to offer evidence that the material contained THC.

### 2. Sufficiency of the Evidence

Substance identification is an issue of fact to be decided by the jury. *State v. Kellogg,* 100 Idaho 483, 488, 600 P.2d 787, 792 (1979). Where there is substantial, competent evidence to support a jury verdict, it will not be disturbed on appeal. *State v. Clayton,* 101 Idaho 15, 16, 607 P.2d 1069, 1070 (1980); *State v. Whiteley,* 124 Idaho 261, 270, 858 P.2d 800, 809 (Ct.App.1993).

At trial, a drug analyst with the Idaho Department of Law Enforcement, Bureau of Forensic Services, testified, at length, to the laboratory tests she conducted on the plant material found in the home. At the end of her testimony, she concluded that in her opinion "each of these evidence envelopes contained marijuana." We hold that there was substantial, competent evidence to sustain the jury's verdicts.

### B. Ineffective Assistance of Counsel

Griffith argues that he was denied effective assistance of counsel when trial counsel failed to call Griffith's mother as a witness. Griffith claims that his mother would have corroborated his testimony that he was not involved with the growing marijuana plants found in his home.

A claim of ineffective assistance of counsel is an issue rarely appropriate on direct appeal from a judgment of conviction; rather it is usually reserved for post-conviction relief proceedings, where a more complete evidentiary record can be developed. *State v. Allen,* 123 Idaho 880, 882, 853 P.2d 625, 627 (Ct.App.1993); *State v. Koch,* 116 Idaho 571, 573, 777 P.2d 1244, 1246 (Ct.App. 1989).

The record established on this direct appeal is not adequate to conduct a meaningful appellate review of this issue. Accordingly, we dismiss, without prejudice, Griffith's claim of ineffective assistance of counsel.

### III.

### CONCLUSION

We hold that, under I.C. § 37–2701(s), the state is not required to offer evidence that the disputed material contains tetrahydrocannabinols. We also hold that there was substantial, competent evidence to sustain the jury's verdicts. We dismiss, without prejudice, Griffith's ineffective assistance of counsel claim. Griffith's judgments of conviction and sentences are affirmed.

WALTERS, C.J., and LANSING, J., concur.