1 P.3d 832

STATE of Idaho, Plaintiff–Respondent,

v.

Terry Lee MORGAN, Defendant–Appellant.

No. 25892.

Court of Appeals of Idaho.

May 15, 2000.

Michael J. Vrable, Hayden, for appellant.

**332**

Hon. Alan G. Lance, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

SCHWARTZMAN, Judge.

Terry Lee Morgan appeals from the district court's appellate affirmance of the magistrate's denial of his motion for judgment of acquittal on a traffic infraction for failure to yield the right of way in violation of I.C. § 49–640.

## I.

### FACTS AND PROCEDURE

On June 14, 1998, at approximately 8:00 a.m., Morgan was driving his 1979 Ford Ranchero southbound on 16th Street and proceeded to cross St. Maries Street in Coeur d'Alene, Idaho. He was struck from his right by a vehicle driven by Isabel Menge. The intersection of 16th and St. Maries has no traffic control devices. Officer Allen Speer of the Coeur d'Alene Police Department was called to the scene of the automobile accident.

When he arrived, Menge's car was in the intersection and Morgan's vehicle was facing northward after being hit in the right rear. Morgan's car had left tire marks on the road after it was hit. Officer Speer estimated that the impact had occurred near the center of the intersection. He prepared an accident report based on what the two drivers told him. Officer Speer's report indicated that there were no visual obstructions or contributing circumstances. Officer Speer issued Morgan a citation for failure to yield the right of way in violation of I.C. § 49–640.[1]

The case proceeded to a court trial and at the conclusion of the state's case, Morgan made a motion for judgment of acquittal based on his claim that the state had failed to prove the applicability of I.C. § 49–640. The motion was denied and Morgan proceeded with his case. Morgan called Jay Komosinski, a certified accident reconstructionist, who testified that I.C. § 49–640 was not applicable because of sight obstructions present at the subject intersection. The magistrate concluded that I.C. § 49–640 was applicable and fined Morgan $53 for his failure to yield the right of way.

Shortly thereafter, Morgan filed a second motion for judgment of acquittal, claiming that because he entered the intersection first and thereby gained the right of way, I.C. § 49–640 did not apply. Morgan also alleged that the state failed to prove that the intersection was "publicly maintained" or "open to the use of the public for vehicular traffic" as required by I.C. § 49–109(5). The magistrate denied this motion and Morgan appealed to the district court, which affirmed the judgment of the magistrate. Morgan appeals again. We also affirm.

## II.

### STANDARD OF REVIEW

 A motion for acquittal should only be granted where there is no evidence produced at trial to support the conviction. *State v. Griffith,* 127 Idaho 8, 11, 896 P.2d 334, 337 (1995). Where a trial court's findings of fact are supported by substantial and competent evidence upon which a reasonable trier of fact could find the essential elements of a crime established beyond a reasonable doubt, those finding will not be disturbed on appeal. *State v. Rogerson,* 132 Idaho 53, 58, 966 P.2d 53, 58 (Ct.App.1998).

 While Morgan appeals from the denial of both of his motions for acquittal, the denial of his motion for acquittal made at the conclusion of the state's case is not properly before us on appeal. Once Morgan endeavored to present evidence on his behalf after the motion was denied, his first motion for acquittal became unreviewable. *State v. Watson,* 99 Idaho 694, 698, 587 P.2d 835, 839 (1978). This appeal, therefore, only concerns Morgan's motion for acquittal made after he was found guilty.

---

**1.** Idaho Code § 49–640 provides "when two (2) vehicles approach or enter an unmarked or uncontrolled intersection from different highways at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right."

## III.

### IDAHO CODE § 49–640 IS APPLICABLE TO THIS ACCIDENT

■ Morgan claims on appeal that I.C. § 49–640 is not applicable to this accident because he entered the intersection before Menge. Morgan's argument centers around interpretation of the language "at approximately the same time." He cites *Hyman Reiver & Co. v. Merlonghi*, 236 A.2d 367 (Del.1967), for the proposition that this language relates to actual entry into the intersection, not when vehicles are approaching the intersection. Morgan's argument fails to recognize, however, that the Delaware statute involved in *Merlonghi* gives the right of way to a vehicle which has entered the intersection. Idaho Code § 49–640, on the other hand, specifically provides that the driver of the *approaching* vehicle on the left shall yield the right of way to the *approaching* vehicle on the right. Contrary to the Delaware statute in *Merlonghi*, a vehicle that has entered an unmarked intersection first is not automatically granted the right of way over another vehicle under I.C. § 49–640.[2]

Additionally, Morgan claims that he and Menge could not have been approaching the intersection at approximately the same time because he was more than half way through the intersection when he was struck. To the contrary, however, *Coughran v. Hickox*, 82 Idaho 18, 24, 348 P.2d 724, 727 (1960), states that:

> where two vehicles approach an intersection at lawful rates of speed and from such relative distances, that it must appear to a reasonably prudent person in the position of the driver on the left that if both vehicles continue their same course at the same speed, a collision is likely to occur—they approach the intersection "at approximately the same time" and the driver on the left must yield to the driver on the right.

Because Morgan and Menge collided within the intersection and no evidence was adduced at trial that either driver varied his or her speed as they approached the intersection, it was reasonable for the magistrate to infer that they approached the intersection "at approximately the same time." Thus, I.C. § 49–640 is applicable to the instant situation. Therefore, Morgan, as the driver on the left, had a duty to yield to the Menge, the driver on the right.

## IV.

### PROOF OF A DEFENDANT'S OBSTRUCTED VIEW DOES NOT PROVIDE AN ABSOLUTE DEFENSE TO PROSECUTION UNDER I.C. § 49–640

■ Morgan argues that there was evidence adduced at trial that his vision was obstructed by a fence and a tree on the northwest corner of 16th and St. Maries, such that he should be acquitted of the infraction charge. Morgan has cited no authority for the proposition that obstructed viewing conditions may serve as an absolute defense to prosecution under I.C. § 49–640. We nevertheless will address this argument.

Morgan had an affirmative duty to yield the right of way to vehicles approaching the intersection at approximately the same time from his right. If Morgan could not see any oncoming traffic to his right because of some sight obstruction, he would be required to reduce his speed to "a safe and appropriate speed when approaching and crossing an intersection" in order to "regard the actual and potential hazards then existing"—i.e., unviewable vehicles approaching the intersection from his right at approximately the same time. See I.C. § 49–654(1). If his view was obstructed, then he should have slowed to an appropriate speed, or even come to a stop if necessary, so he could sufficiently regard any approaching vehicles.

Accordingly, we hold that Morgan's claim of an obstructed view does not provide him

---

**2.** Such an interpretation would prove unworkable. A driver approaching an intersection and seeing a car nearing the intersection from his right could nevertheless accelerate into the intersection at the last moment, be struck by the approaching vehicle and claim to have acquired the right of way, thus avoiding responsibility.

with an absolute defense to an infraction charge under I.C. 49–640.

## V.

## THE EVIDENCE PRODUCED AT TRIAL WAS SUBSTANTIAL AND COMPETENT TO SUPPORT MORGAN'S CONVICTION

■ Morgan lastly asserts that the state failed to prove a necessary element of the charged infraction, thus requiring his acquittal. Morgan claims that although the accident scene was referred to as an "intersection," the state offered no evidence that it was "publicly maintained" or "open to use of the public." See I.C. §§ 49–110(8); 49–109(5).

Both Morgan and Menge, as members of the public, were operating their respective vehicles in the vicinity of this intersection. Defendant's exhibits 1, 3 and 5 all are photographs showing various vehicles parked along the curbs of 16th Street. These same exhibits show public street signs appropriately designating both 16th Street and St. Maries Street. Idaho Code § 49–109(5) provides that "the term 'street' is interchangeable with highway." These photographs, offered by the defense as evidence, depict readily recognizable public streets. We hold that there was substantial evidence in this case from which the trial court could conclude that the intersection involved was used by the public and was publicly maintained.

## VI.

## CONCLUSION

There was substantial and competent evidence to support Morgan's conviction for failure to yield the right of way. Therefore, Morgan's motion for acquittal made at the conclusion of his trial was properly denied by the magistrate. The judgment is affirmed.

Chief Judge PERRY and Judge LANSING concur.