800 P.2d 680

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Jerry STEELE, Defendant–Appellant.**

**No. 17957.**

Court of Appeals of Idaho.

Oct. 30, 1990.

Jerry Steele, pro se.

Jim Jones, Atty. Gen., James E. Leuenberger, Deputy Atty. Gen., Boise, for plaintiff-respondent.

Before WALTERS, C.J.,
SWANSTROM, J., and McQUADE, J.
Pro Tem.

PER CURIAM.

A jury found Jerry Steele guilty of issuing a check with insufficient funds. I.C. § 18–3106. The district court committed him to the custody of the Board of Correction under a unified sentence of three years with a one-year minimum period of confinement. Steele appeals, arguing that there was insufficient evidence to support the jury's verdict. He also contends that his sentence is excessive. We affirm the judgment and sentence.

The facts in this case are simple. Steele wrote a check for $100 to Smith's Food King in Boise. He knew when making the check that his account did not have funds sufficient to cover the check amount. Steele had no agreement with his bank to extend credit to cover overdrafts, and the bank did not pay the check.

Initially, we make the following observation upon the arguments Steele submitted for review. We will not consider any issues raised implicitly in Steele's brief but not supported by references to the transcript or record on appeal, or by citation to pertinent authority. I.A.R. 35(a)(4); *State v. Phillips*, 117 Idaho 23, 784 P.2d 353 (Ct.App.1989). Accordingly, from Steele's arguments may be summarized the following issue. Steele maintains that there was insufficient evidence to sustain the jury's verdict. Where the verdict is supported by substantial evidence, taken in a light most favorable to the prevailing party, it will not be disturbed on appeal. *State v. Gissel*, 105 Idaho 287, 292, 668 P.2d 1018, 1023 (Ct.App.1983) (review denied). Our function is not to determine whether on the record reasonable doubt could or would exist. *Id.*

■ Steele argues that he had no intent to defraud. Steele's defense centered on his reliance on money due him pursuant to a contractual arrangement with an unrelated third party. Steele contends that, at the time he tendered the check to Smith's Food King, he anticipated the arrival of money pursuant to that collateral agreement. Steele determined that he could get the anticipated funds into his checking account before Smith's presented his check to the bank for payment. Thus, Steele maintains he lacked the requisite intent to commit the crime charged. We disagree. The crime is completed upon the delivery of an insufficient funds check. *State v. Cochran*, 97 Idaho 71, 539 P.2d 999 (1975). It is undisputed that Steele made and issued the check. The evidence fails to show he had an understanding with Smith's that presentation of the check to the bank was conditioned upon the subsequent receipt of funds by the bank to cover the check. Neither was the check post-dated. The intent to defraud is a question of fact for the jury. *State v. Sedam*, 62 Idaho 26, 107 P.2d 1065 (1940). Here, the record indicates that Steele confessed to the police that he knew the account did not contain sufficient funds at the time he tendered the check to Smith's Food King. Steele also testified at trial that he knew the account had insufficient funds when he tendered the check. Steele's testimony further reveals that he never attempted to make reparations to Smith's Food King prior to the filing of the complaint against him. Based on such evidence the jury reasonably could infer that Steele intended to defraud at the time he tendered the check to the grocer. *See State v. Davis*, 81 Idaho 61, 336 P.2d 692 (1959). *See also State v. Hebner*, 108 Idaho 196, 697 P.2d 1210 (Ct. App.1985). We will not reweigh the evidence on appeal. *State v. Filson*, 101 Idaho 381, 613 P.2d 938 (1980). We hold that there was substantial evidence from which the jury could have concluded there was an intent to defraud.

■ Steele also contends that his sentence was excessive. The maximum punishment for issuing a check with insufficient funds is three years of imprisonment, a $5000 fine or both. I.C. § 18–3106(b). When examining whether a sentence is excessive, we do so in light of the standards established in *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982) and as modified by *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989). Here, the record reveals that Steele has a lengthy criminal history.[1] However, in the recent past Steele had limited his criminal activity to fraud and deceit through investment schemes. In fact, during trial, Steele volunteered information that he had written over $2000 in additional bad checks for which he was not charged. Based on the information provided to the sentencing court, we conclude that the sentence was not excessive.

Finally, we note that Steele raises allegations of ineffective assistance of counsel. We conclude that the present record is insufficient to make a determination of this issue at the appellate level. Any further development of this issue should be pursued on a petition for post-conviction relief. *State v. Darbin*, 109 Idaho 516, 708 P.2d 921 (Ct.App.1985). Should Steele decide to file a petition for post-conviction relief, the issue of ineffective assistance of counsel is preserved without prejudice, avoiding preclusion on the basis of res judicata. *Id.*

We affirm the judgment of conviction and sentence imposed for issuing a check with insufficient funds upon a bank for payment of money.

---

1. We note that much of Steele's past criminal conduct was accomplished under the name "Gerald Monroe Arras."