803 P.2d 565

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Virginia Annie MARKS, Defendant–Appellant.**

No. 18445.

Court of Appeals of Idaho.

Jan. 7, 1991.

Stephen J. Blaser of Blaser & Sorensen, Blackfoot, for defendant-appellant.

Jim Jones, Atty. Gen., James E. Leuenberger, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

Virginia Marks entered a guilty plea to the charge of delivery of a controlled substance, marijuana. The district judge sentenced Marks to three years, with a minimum period of confinement of one year, and retained jurisdiction for 120 days. In this appeal, Marks contends the sentence was excessive and that she is entitled to have the judgment of conviction set aside because of ineffective assistance of counsel. We affirm the judgment of conviction, including the sentence.

The transaction which led to Marks being charged took place on or about May 25, 1989. Marks sold a small amount of marijuana to a confidential informant for $25. Marks claimed that she did this as a favor to a friend and that she had never made any other sales. As part of a plea agreement, the state agreed to reduce a pending felony theft charge to a misdemeanor. Marks advised the court that two other felony charges pending against her in Jefferson County were to be dismissed in a separate proceeding. However, the court made it clear to Marks that her guilty plea would not be contingent upon any agreement she had made in Jefferson County concerning the two unidentified felonies.

■ Marks first asserts that the district judge abused his discretion by imposing a three-year sentence which included a one-year determinate period of incarceration when the delivery involved only one-fourth ounce of marijuana. The maximum sentence authorized by I.C. § 37–2732(a)(1)(B) for delivery of marijuana is five years. Where, as here, a sentence is within the statutory limit, it will not be disturbed on appeal unless clear abuse of discretion is shown. *State v. Wolfe*, 107 Idaho 676, 691 P.2d 1291 (Ct.App.1984). Nor will we substitute our view for that of the sentencing judge if, under any reasonable view of the facts, the sentence complies with the now well-known *Toohill* criteria. *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). Further, a decision to deny probation will be upheld absent an abuse of discretion. *State v. Bowman*, 106 Idaho 446, 680 P.2d 868 (Ct.App.1984). In an appellate review, we will examine the reasons stated by the sentencing judge in fixing a term of imprisonment and defer to the weight attributed by the judge to any given factor under I.C. § 19–2521. *State v. Burroughs*, 107 Idaho 195, 687 P.2d 585 (Ct.App.1984).

■ The district judge agreed with the assessment in the pre-sentence report that Marks was not being fully truthful about her involvement with drugs and he was convinced that Marks was minimizing her drug activities. He impressed on Marks that the selling and delivering of illegal drugs was a serious crime as viewed by the legislature in this state. He recognized that the choice of confinement over probation would send a clear message aimed at deterring such drug transactions. In addition, the district judge perceived that Marks' disregard of orders to appear at court and for evaluation further dissuaded him from ordering probation initially. By retaining jurisdiction for 120 days the judge has the option to place Marks on probation after this initial period of incarceration. The objectives of general deterrence and rehabilitation as stated in the judge's reasoning satisfy the reasonableness test of the measure of confinement. *See State v. Toohill*, supra; *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct.App. 1989).

In Marks' favor, the district judge noted that Marks had no prior record, has children and was recently remarried, but these factors were outweighed by the fact that her ex-husband, and her friends and acquaintances, used and had dealings with drugs. The judge concluded that she was vulnerable to becoming further involved if she continued to associate with these people. The one-year confinement, stated the district judge, was the best way to keep Marks from repeating her crime and from being a further threat to the public and to herself. Under any reasonable view of the facts, the sentence was not excessive. We affirm the district court.

The second issue on appeal deals with Marks' claim of ineffective assistance of counsel in the district court. Marks seeks to have her conviction overturned on this ground, though her argument is imprecise at best. She asserts primarily that she was not advised as to any defenses that she might have had. According to Marks, her plea was based on that advice and on the public defender's assessment that she would likely receive probation, not incarceration.

The record before us indicates that the plea resulted from negotiations with the state during which the state agreed to reduce a felony grand theft charge to a misdemeanor in exchange for a guilty plea on the delivery charge; a fact which does not support a claim of ineffective assistance of counsel. The facts necessary to substantiate such a claim are simply not to be found in the record in this appeal. Accordingly, we decline to address the merits of this claim. Should Marks decide to file a petition for post-conviction relief, the issue of ineffective assistance of counsel is preserved without prejudice, avoiding preclusion on the basis of res judicata. *State v. Darbin*, 109 Idaho 516, 708 P.2d 921 (Ct. App.1985).

The sentence imposed does not represent an abuse of discretion. The judgment of conviction and the sentence are affirmed.

WALTERS, C.J., and SILAK, J., concur.