989 P.2d 288

STATE of Idaho, Plaintiff–Respondent,

v.

Ronald Allen SAXTON, Defendant–Appellant.

No. 24372.

Court of Appeals of Idaho.

Oct. 4, 1999.

Nancy L. Callahan, Gem County Public Defender, Emmett, for appellant.

Hon. Alan G. Lance, Attorney General; Alison A. Stieglitz, Deputy Attorney General, Boise, for respondent. Alison A. Stieglitz argued.

LANSING, Judge.

Ronald Allen Saxton appeals from a judgment of conviction on a charge of possession of a controlled substance. He asserts that his trial counsel was ineffective for abandoning a motion to suppress evidence and for failing to make a discovery request for a videotape of the traffic stop that led to Saxton's arrest. Saxton also argues that the district court erred by denying his request for a brief continuance during the trial so that Saxton could acquire the videotape and introduce it into evidence.

## I.

### FACTS AND PROCEDURAL BACKGROUND

A Gem County deputy sheriff stopped Saxton's vehicle for speeding. A video and audio recorder in the patrol car was activated prior to the stop and recorded the ensuing events. During the course of the encounter, the deputy noticed the odor of alcohol emanating from Saxton. The deputy conducted a horizontal gaze nystagmus test, which yielded results leading the deputy to believe that Saxton was under the influence of drugs or alcohol. The deputy then requested consent to search Saxton's vehicle. Although Saxton and the deputy dispute whether consent was given, they agree that the deputy asked Sax-

ton to remove his dog from the vehicle so the deputy could conduct the search. Saxton got into the vehicle to do so and returned with a holstered pistol, which he handed to the deputy. Saxton was then put under arrest for carrying a concealed weapon. After arresting Saxton, the deputy searched the vehicle and found a small container of methamphetamine.

The State charged Saxton with possession of a controlled substance, pursuant to Idaho Code § 37–2732(c)(1). Saxton's counsel filed a timely motion to suppress the methamphetamine obtained from the search of the truck, but never scheduled the suppression motion for a hearing. Consequently, the court never ruled on the motion.

A jury trial was conducted, during which Saxton testified that the methamphetamine was not his, but had been left in the truck by someone to whom he had given a ride. During the defense case-in-chief, defense counsel requested that the State produce the videotape of the traffic stop and Saxton's arrest. The prosecutor did not have the videotape in court and objected to its use because Saxton's counsel had not disclosed that he intended to use the tape in evidence nor sought its production prior to trial. The district court declined to allow a brief recess for procurement of the videotape. The defense then rested, and the jury found Saxton guilty as charged.

## II.

## ANALYSIS

### A. Denial of Motion for a Continuance

Saxton asserts as reversible error the district court's denial of his request for a brief trial recess so that he could acquire the videotape from the prosecutor and offer it into evidence.

■ We apply an abuse of discretion standard when reviewing a trial court's denial of a continuance or refusal to allow introduction of evidence due to a discovery violation. *State v. Harris*, 132 Idaho 843, 979 P.2d 1201 (1999); *State v. Lamphere*, 130 Idaho 630, 945 P.2d 1 (1997); *State v. Stradley*, 127 Idaho 203, 899 P.2d 416 (1995). Sev-

eral times in recent years, the Idaho appellate courts have addressed the exercise of this discretion in the context of the late disclosure of a defense witness. *See Harris, supra; Lamphere, supra; Stradley, supra; State v. Winson*, 129 Idaho 298, 923 P.2d 1005 (Ct.App.1996). These cases establish that, when faced with a defense request to present evidence that was not timely disclosed, the court must evaluate the prejudice suffered by the State from the late disclosure and weigh that prejudice against the defendant's right to a fair trial. *Harris*, 132 Idaho at 846–47, 979 P.2d at 1204–05; *Lamphere*, 130 Idaho at 633–34, 945 P.2d at 4–5. The court is also obligated to consider less severe remedies, such as a short continuance, a mistrial, or imposition of sanctions on defense counsel, that might serve as an alternative to excluding the evidence. *Winson*, 129 Idaho at 303, 923 P.2d at 1010; *see also Harris*, 132 Idaho at 846, 979 P.2d at 1204.

■ In the case at bar, the prosecutor made no assertion that the State would be prejudiced by a brief recess or by the lack of notice of Saxton's intent to offer the tape into evidence. This absence of any showing of prejudice to the State would ordinarily call for the granting of a defense request of this kind. However, in this case it must also be noted that Saxton made no showing that the denial of the continuance and exclusion of the videotape would have any deleterious effect on the fairness of his trial. That is, neither in the district court nor on this appeal has Saxton presented any theory as to how the videotape would have been relevant to his defense.

Relevant evidence is that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more ... or less probable." I.R.E. 401. Saxton's defense against the charge of possession of a controlled substance was that the methamphetamine did not belong to him but had been left in his car by another person. Saxton suggests that the videotape would be relevant to impeach the police officer; specifically, Saxton contends that the videotape contradicts the officer's testimony about how Saxton handled the gun and the officer's assertion that Saxton resist-

ed arrest. This purpose for requesting the videotape does not tend to make his defense to the possession charge more probable. In fact, nothing in the videotape addresses the assertion that the methamphetamine belonged to another person.[1]

 Thus, although the district court may not have performed the required balancing test in ruling upon Saxton's request for a short continuance, there was no reversible error because Saxton was not prejudiced thereby. Any defect or irregularity in criminal proceedings, which does not affect substantial rights of the parties, is to be disregarded and does not constitute a ground for reversal. I.C.R. 52; *State v. Brown*, 131 Idaho 61, 71, 951 P.2d 1288, 1298 (Ct.App. 1998); *State v. Rivas*, 129 Idaho 20, 27, 921 P.2d 197, 204 (Ct.App.1996). Here, because Saxton's purpose in requesting a continuance was to procure evidence that was not directly relevant anyway, his substantial rights have not been affected and any defect in the district court's consideration of the motion for a continuance is harmless.

**B. Ineffective Assistance of Counsel**

 Saxton also argues that he received ineffective assistance from his trial counsel due to counsel's failure to obtain a hearing on the suppression motion and his failure to procure the videotape in pre-trial discovery and give timely notice that it would be offered as a trial exhibit. In order to prevail on an ineffective assistance of counsel claim, an applicant must demonstrate both that his attorney's performance was deficient and that he was prejudiced thereby. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct.App. 1995). To show deficient performance, a defendant must overcome a strong presumption that the attorney's performance was adequate by demonstrating that counsel's representation did not meet objective standards of reasonableness. *Strickland*, 466 U.S. at 687–88, 104 S.Ct. at 2064–65, 80 L.Ed.2d at 693–94; *Roman v. State*, 125 Idaho 644, 648–49, 873 P.2d 898, 902–03 (Ct.App.1994). To establish prejudice, he must also show that

there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 697; *Hassett, supra; Roman*, 125 Idaho at 649, 873 P.2d at 903.

 The presentation of Saxton's ineffective assistance claims compels this Court to once again reiterate that it is usually inappropriate to raise such an issue on a direct appeal from the judgment of conviction. This is so because claims of ineffective assistance regularly raise issues on which no evidence was presented at the defendant's trial. Because the competency of counsel is not an issue in a criminal trial, the trial record on direct appeal is rarely adequate for review of such claims. As Justice Bakes stated in *Carter v. State*, 108 Idaho 788, 702 P.2d 826 (1985):

> The question of competency of counsel is an extremely complex factual determination which, in all but the most unusual cases, requires an evidentiary hearing before determination. (Citation omitted in original.) The resolution of those factual issues for the first time upon appeal, based upon a trial record in which competence of counsel was not at issue, is at best conjectural.

108 Idaho at 791, 702 P.2d at 829 (quoting *State v. Kraft*, 96 Idaho 901, 906, 539 P.2d 254, 259 (1975) (Bakes, J., *specially concurring* )).

 If an appellate court were to reach the merits of ineffective assistance issues raised on a direct appeal, the absence of any record supporting the claims would generally require a decision adverse to the appellant, which would become *res judicata*. *See State v. Mitchell*, 124 Idaho 374, 376, 859 P.2d 972, 974 (Ct.App.1993); *State v. Marks*, 119 Idaho 64, 66, 803 P.2d 565, 567 (Ct.App.1991); *State v. Steele*, 118 Idaho 793, 795, 800 P.2d 680, 682 (Ct.App.1990); *State v. Munoz*, 118 Idaho 742, 745–746, 800 P.2d 138, 141–142 (Ct.App.1990). Consequently, we customarily decline to address such claims on direct appeal from the judgment of conviction, and we have repeatedly admonished that they are

---

1. The videotape is in the record on this appeal and, hence, has been subject to our review.

more appropriately pursued through post-conviction relief actions, where the evidentiary record can be properly developed. *See, e.g., Carter,* 108 Idaho at 792, 702 P.2d at 830; *State v. Machen,* 100 Idaho 167, 171, 595 P.2d 316, 320 (1979); *State v. Blackburn,* 99 Idaho 222, 579 P.2d 1205 (1978); *State v. Brown,* 130 Idaho 865, 870, 949 P.2d 1072, 1077 (Ct.App.1997); *State v. Griffith,* 130 Idaho 64, 66, 936 P.2d 707, 709 (Ct.App.1997); *State v. Gomez,* 127 Idaho 327, 329–30, 900 P.2d 803, 805–06 (Ct.App.1995); *Mitchell* 124 Idaho at 375–76, 859 P.2d at 973–74; *Marks,* 119 Idaho at 66, 803 P.2d at 567; *Steele,* 118 Idaho at 795, 800 P.2d at 682; *Munoz,* 118 Idaho at 745, 800 P.2d at 141; *State v. Koch,* 116 Idaho 571, 573, 777 P.2d 1244, 1246 (Ct. App.1989); *State v. Darbin,* 109 Idaho 516, 523, 708 P.2d 921, 928 (Ct.App.1985); *State v. Rendon,* 107 Idaho 425, 426, 690 P.2d 360, 361 (Ct.App.1984).

It should by now be clear that appellate counsel may do their clients a disservice by attempting to present such claims in an appeal from the criminal judgment, where the claims cannot be sustained on the existing record. Although Saxton's appellate brief expressly acknowledges these past admonishments, Saxton nonetheless asks this Court to address his claims of ineffective assistance of counsel in this direct appeal, contending that the record is sufficient to allow us to do so.

■ With respect to the ineffective assistance claim that is predicated on the attorney's failure to procure the videotape and give notice that it would be offered into evidence, we are constrained to agree with Saxton's contention that this is one of the rare cases where the record is sufficient for us to address the merits. We have hereinabove held that the videotape was not directly relevant to any material issue in the case. Therefore, there is no merit to Saxton's argument that his attorney was deficient in failing to preserve Saxton's ability to use the tape as trial evidence, nor can he show any prejudice resulting from his attorney's omission.

■ With respect to Saxton's claim that his attorney rendered ineffective assistance when he failed to obtain a hearing on a motion to suppress the methamphetamine, the appellate record is insufficient for consideration of the merits. In order to show a right to relief on this basis, Saxton would have to show that the suppression motion would have been granted if it had been heard by the district court. As we explained in *Huck v. State,* 124 Idaho 155, 158–59, 857 P.2d 634, 637–38 (Ct.App.1993), "If the motion lacked merit and would have been denied, counsel ordinarily would not be deficient for failing to pursue it, and, concomitantly, the petitioner could not have been prejudiced by the want of its pursuit." Here, where there has been no hearing directed to the merits of the suppression issue, we have no basis upon which to determine whether the motion would have been granted, and therefore the record does not demonstrate whether counsel performed incompetently in failing to press the motion.

Further, the record in this case suggests a possible reason that trial counsel did not schedule the suppression motion for a hearing. Prior to trial, defense counsel moved to withdraw. According to the attorney's supporting affidavit, the attorney felt he could not represent Saxton successfully because Saxton would not maintain contact with the attorney and "refuses to cooperate in any way." The affidavit asserts that the attorney left messages for Saxton to contact him, but to no avail. Although the motion to withdraw was denied by the trial court, the averments in the supporting affidavit may explain why the attorney did not attempt to schedule a suppression hearing at which Saxton's presence would have been necessary.

In the absence of a district court proceeding directed to Saxton's claim of ineffective assistance of counsel, there has been no opportunity for the attorney to explain his action or inaction, and no basis for this Court to assess whether the representation was constitutionally deficient. Consequently, we follow our customary course again today and decline to rule on the merits of this claim of ineffective assistance of counsel, preserving the issue without prejudice so that Saxton may pursue it in an application for post-conviction relief should he choose to do so.

## III.

## CONCLUSION

Saxton has not shown reversible error in the district court's denial of his request for a

trial continuance in order to gain access to a videotape as potential evidence, for the videotape was irrelevant and properly would have been excluded from evidence if it had been proffered by Saxton. The irrelevance of the videotape causes this Court to also reject, as facially meritless, Saxton's contention that he suffered from ineffective assistance of counsel because his trial attorney failed to obtain the videotape in advance of the trial and give notice that it would be offered as an exhibit. We decline to rule upon Saxton's remaining claim of ineffective assistance of counsel be-cause the record is insufficient to address it. The judgment of conviction is affirmed.

Chief Judge PERRY, and Judge SCHWARTZMAN, concur.