THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38295**

| | | |
|---|---|---|
| MICHAEL R. PARVIN, | ) | 2012 Unpublished Opinion No. 453 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: April 30, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Bradly S. Ford, District Judge.

Order denying petition for post-conviction relief, vacated and case remanded.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant. Spencer J. Hahn argued.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent. Russell J. Spencer argued.

_____

WALTERS, Judge Pro Tem

Michael R. Parvin appeals from the district court's dismissal of his application for post-conviction relief following an evidentiary hearing. Parvin contends that the district court erred when it applied an incorrect legal standard to his ineffective assistance of counsel claim. That claim arose from Parvin's counsel allegedly failing to ensure that a judge timely ruled on Parvin's Idaho Criminal Rule 35 motion.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Parvin pled guilty in 1999 to one count of lewd conduct with a child under the age of sixteen years. Following his guilty plea, Parvin received a unified sentence of life, with ten years determinate. Parvin then filed a timely motion under Rule 35, which the district court granted. Parvin's sentence was reduced to a twenty-year term, with five years determinate. The State filed a motion for reconsideration arguing that the victims' rights were violated and that the court

1

improperly applied the law in granting the Rule 35 motion. The district court vacated the order reducing Parvin's sentence on the basis that because the victims were not notified of the Rule 35 motion, the victims' constitutional and statutory rights had been violated.

Parvin appealed the district court's decision to set aside its order reducing the sentence. Parvin argued that the district court's decision was erroneous because the court lacked the authority to vacate the original order and had no jurisdiction to consider a motion for reconsideration, and that reinstating the original sentence violated his due process rights under the Fifth and Fourteenth Amendments. The State countered that the district court lost its jurisdiction to decide the Rule 35 motion because it failed to act in a reasonable amount of time. This Court held that the record did not contain a sufficient reason as to why the district court took more than three months to decide the Rule 35 motion, and as such, "the jurisdiction of the district court had expired" prior to the issuance of the order reducing Parvin's sentence. *State v. Parvin*, 137 Idaho 783, 786, 53 P.3d 834, 837 (Ct. App. 2002).

In 2003, Parvin filed a pro se application for post-conviction relief alleging, in pertinent part, ineffective assistance of counsel for failing to ensure that his Rule 35 motion was ruled upon in a reasonable period of time. Parvin requested assistance of counsel, which the district court granted and appointed the Canyon County Public Defender. A conflict was discovered and the case was transferred to a conflict public defender. After the subsequent appointment, the State filed a motion for summary dismissal. A notice of substitution of counsel was filed as another attorney took over the case. No other action was taken until a notice of intent to dismiss was filed pursuant to Idaho Rule of Civil Procedure 40(c). The district court filed an order of dismissal thereafter.

Parvin later testified that he never received notice from either the district court or his appointed counsel of the proposed dismissal. Upon learning of the dismissal, Parvin filed a notice of appeal, which was then dismissed because it was untimely.

Parvin filed another application for post-conviction relief, re-alleging the grounds in the original application, and alleging several additional claims of ineffective assistance of his post-conviction counsel. Once again, Parvin argued that his original trial attorney was ineffective for failing to ensure that the district court ruled on his Rule 35 motion in a timely manner. He also asserted that he was entitled to a successive petition "because my claims were not knowingly or

voluntarily waived. My claims were dismissed due to the ineffective assistance of post-conviction counsel."

The district court held that Parvin was entitled to a decision on the merits of his successive petition. After an evidentiary hearing, the district court denied and dismissed Parvin's amended application for post-conviction relief. With respect to Parvin's claim that ineffective assistance of counsel resulted in the district court's loss of jurisdiction over his Rule 35 motion, the district court held that the claim was one that was "addressed (even if not in the appellate decision) or should have been addressed on the direct appeal filed in the underlying criminal case." Parvin has timely appealed.

## II.

## DISCUSSION

There is no question that Parvin has raised a plausible claim of ineffective assistance of counsel. In *State v. Day*, 131 Idaho 184, 953 P.2d 624 (Ct. App. 1998), this Court recognized:

> For future reference, we make it clear that when a defendant files a Rule 35 motion, it will of necessity become defense counsel's responsibility to precipitate action on the motion within a reasonable time frame, or otherwise provide an adequate record and justification for delay, to avoid the risk of the trial court losing jurisdiction to consider the motion.

*Id.* at 186, 953 P.2d at 626.

In order to prevail in a post-conviction proceeding, the applicant must prove the allegations by a preponderance of the evidence. Idaho Code § 19-4907; *Stuart v. State*, 118 Idaho 865, 801 P.2d 1216 (1990). When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We exercise free review of the district court's application of the relevant law to the facts. *Nellsch v. State*, 122 Idaho 426, 434, 835 P.2d 661, 669 (Ct. App. 1992).

## A.     Raised on Direct Appeal

The district court's holding is ambiguous as to whether it dismissed Parvin's ineffective assistance of counsel claim because the claim had already been raised, or because the claim was

3

required by law to be raised in the direct appeal. The district court found "that Parvin's remaining [Rule 35 motion] claims were claims that were addressed (even if not in the appellate decision) or should have been addressed on the direct appeal filed in the underlying criminal case." The State argues that this language was not addressing Parvin's ineffective assistance of counsel claim following the Rule 35 motion. According to the State, the language only speaks to Parvin's claim of a due process violation and that the district court failed to address Parvin's ineffective assistance of counsel claim altogether. The State believes this is dispositive to our ruling in this case for two reasons: (1) the district court did not address the ineffective assistance of counsel claim in its dismissal of his action and Parvin did not assert this as error on appeal; and (2) Parvin cannot now claim the lack of finding as error because he failed to raise the issue to the trial court by an appropriate motion (referencing I.R.C.P. 52(a)).

The State's arguments are not persuasive.[1] First, the district court combined all of the Rule 35 claims together and disposed of them with a single line of reasoning characterized in the court's decision, as "The I.C.R. 35 Motion claims." The State's argument that this heading only addresses the due process violation is unpersuasive for two reasons: (1) the title of the section and the language of the decision addresses "claims" instead of only the one due process claim; and (2) the district court mentions the appointed public defender as a "respective player[] in the determination of that motion" and that the court-appointed counsel was not part of the due process violation claim.

The State's second argument, that Parvin did not make the proper motion to contest the district court's lack of specific findings, also fails for two reasons. First, Parvin does not contend that the district court's error derives from a lack of findings, but rather Parvin asserts that the

---

[1]    The State also argues that Parvin failed to present any evidence that his counsel was ineffective in relation to the Rule 35 motion. However, the court took judicial notice of a packet of documents submitted by Parvin, which included his verified amended application for post-conviction relief. In it, Parvin states his counsel "fail[ed] to take action to ensure that the District Court took timely action on the clearly meritorious motion to reduce sentence." Parvin also goes on to state that the counsel's failure was the "but for" cause of Parvin losing his reduced sentence. The State also argues that Parvin was not entitled to an attorney for his Rule 35 motion because there is no Sixth Amendment right to counsel on a Rule 35 motion. Parvin correctly notes that he had received counsel pursuant to I.C. § 19-852 for the Rule 35 motion, and, as such, had a statutory right to effective counsel. The Idaho Supreme Court has interpreted I.C. § 19-852 as guaranteeing a right to the effective assistance of counsel. *See Hernandez v. State*, 127 Idaho 685, 687, 905 P.2d 86, 88 (1995).

4

court affirmatively made an erroneous finding or conclusion of law. Second, I.R.C.P. 52(b), which is the justification for the State's argument, does not require a reversal if not complied with. "[I]t is the rule in Idaho that neither an objection to findings nor a request or motion for findings is a prerequisite to appellate review and such failure to bring the matter to the attention of the trial court does not waive the right to bring it up on appeal." *Owen v. Boydstun*, 102 Idaho 31, 35-36, 624 P.2d 413, 417-418 (1981).

We turn first to the question of whether the claim was raised by a direct appeal. The decision in *State v. Parvin* shows that three issues were raised in that appeal: (1) whether the district court's decision to vacate the reduced sentence was erroneous because the court lacked authority to vacate the reduced sentence; (2) whether the district court had jurisdiction to consider a motion for reconsideration of a reduced sentence; and (3) whether reinstating the original sentence violated Parvin's Fifth and Fourteenth Amendment due process rights. The question of whether the district court had lost jurisdiction was not an issue until it was raised in the respondent's brief on appeal. This Court ultimately held that the district court lost jurisdiction to rule on Parvin's Rule 35 motion at the outset because the district court had failed to rule on the motion in a timely manner. It follows that Parvin could not have known his ineffective assistance of counsel claim existed until after this Court held the district court had lost jurisdiction. The issue of whether Parvin's counsel was ineffective for failing to ensure a timely ruling was therefore not raised in *State v. Parvin*.

## B.      Should Have Been Raised on Direct Appeal

Parvin claims the "district court erred when it found that Mr. Parvin could not raise his ineffective assistance of counsel claim as to his Rule 35 motion because it could have been raised on direct appeal." The district court denied all claims concerning Parvin's Rule 35 motion. The court explained: "Parvin's remaining [Rule 35 motion] claims . . . should have been addressed on the direct appeal filed in the underlying criminal case. Having so found, this court cannot now revisit those issues . . . ." The district court held that the review of the issue was barred by I.C. § 19-4901(b) and Idaho case law, namely *Hughes v. State*, 148 Idaho 448, 224 P.3d 515 (Ct. App. 2009). Idaho Code § 19-4901(b) provides:

> This remedy is not a substitute for nor does it affect any remedy incident to the proceedings in the trial court, or of an appeal from the sentence or conviction. Any issue which could have been raised on direct appeal, but was not, is forfeited and may not be considered in post-conviction proceedings, unless

5

it appears to the court, on the basis of a substantial factual showing by affidavit, deposition or otherwise, that the asserted basis for relief raises a substantial doubt about the reliability of the finding of guilt and could not, in the exercise of due diligence, have been presented earlier. Except as otherwise provided in this act, it comprehends and takes the place of all other common law, statutory, or other remedies heretofore available for challenging the validity of the conviction or sentence. It shall be used exclusively in place of them.

The district court also cited *Hughes* as authority that "Idaho appellate courts have affirmed that matters that were considered on direct appeal or those matters that could have been considered on direct appeal are not matters that are proper for consideration in a post conviction action." The district court's reliance on *Hughes* for the proposition that this issue should have been considered on direct appeal is misplaced.[2] Hughes alleged that his attorney was ineffective for failing to obtain an independent, confidential psychosexual evaluation to assist with sentencing issues. We held that the record from the criminal case disproved this claim because Hughes' counsel did request funding for an independent evaluation, but that request was denied by the district court. The holding in *Hughes* is that defense counsel was not shown to be ineffective inasmuch as he did request the trial court to authorize a confidential evaluation. This Court then noted that if the defense was unhappy with the trial court's denial of that request, the defendant could have directly appealed the district court's denial of his request for funding. This Court decidedly did not hold that a claim for ineffective assistance of counsel should have been raised on direct appeal. Rather, we held the record disproved Hughes' claim that his counsel was ineffective.

When compared to the facts in *Hughes*, it is apparent that Parvin was not required to raise his ineffective assistance of counsel claim on a direct appeal. As described above, Parvin's ineffective assistance of counsel claim is based on his court-appointed counsel not ensuring the district court ruled on the Rule 35 motion in a timely manner. It was not until Parvin appealed to this Court that the lack of jurisdiction issue was raised. Thus, Parvin could not have known of his ineffective assistance of counsel claim until after this Court ruled that the district court lost jurisdiction to rule on the Rule 35 motion.

---

[2] The State admits that if the district court dismissed Parvin's claim solely on the basis that it could have been considered on direct appeal, then the court would have done so in error.

6

Idaho case law not only allows for Parvin to file for post-conviction relief, but suggests Parvin plainly should pursue his claim as an application for post-conviction relief rather than a direct appeal. The Idaho Supreme Court recently held "[i]f there is insufficient evidence in the appellate record to show clear error, the matter would be better handled in post-conviction proceedings." *State v. Perry*, 150 Idaho 209, 226, 245 P.3d 961, 978 (2010). Also, if a defendant wishes for a court to consider evidence outside of the record that exists on a direct appeal, he must pursue post-conviction relief. *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008) (citing *State v. Carter*, 103 Idaho 917, 923 n.4, 655 P.2d 434, 440 n.4 (1981)). Moreover, "[i]f an appellate court were to reach the merits of ineffective assistance issues raised on a direct appeal, the absence of any record supporting the claims would generally require a decision adverse to the appellant, which would become *res judicata*." *State v. Saxton*, 133 Idaho 546, 549, 989 P.2d 288, 291 (Ct. App. 1999) (citing *State v. Mitchell*, 124 Idaho 374, 376, 859 P.2d 972, 974 (Ct. App. 1993); *State v. Marks*, 119 Idaho 64, 66, 803 P.2d 565, 567 (Ct. App. 1991); *State v. Steele*, 118 Idaho 793, 795, 800 P.2d 680, 682 (Ct. App. 1990); *State v. Munoz*, 118 Idaho 742, 745-46, 800 P.2d 138, 141-42 (Ct. App. 1990)). Consequently, Idaho appellate courts "customarily decline to address such claims on direct appeal from the judgment of conviction, and we have repeatedly admonished that they are more appropriately pursued through post-conviction relief actions, where the evidentiary record can be properly developed." *Saxton*, 133 Idaho at 549-50, 989 P.2d at 291-92 (citing *Carter v. State*, 108 Idaho 788, 792, 702 P.2d 826, 830 (1985); *State v. Blackburn*, 99 Idaho 222, 579 P.2d 1205 (1978); *State v. Brown*, 130 Idaho 865, 870, 949 P.2d 1072, 1077 (Ct. App. 1997); *State v. Griffith*, 130 Idaho 64, 66, 936 P.2d 707, 709 (Ct. App. 1997); *State v. Gomez*, 127 Idaho 327, 329-30, 900 P.2d 803, 805-06 (Ct. App. 1995); *Mitchell*, 124 Idaho at 375-76, 859 P.2d at 973-74; *Marks*, 119 Idaho at 66, 803 P.2d at 567; *Steele*, 118 Idaho at 795, 800 P.2d at 682; *Munoz*, 118 Idaho at 745, 800 P.2d at 141; *State v. Koch*, 116 Idaho 571, 573, 777 P.2d 1244, 1246 (Ct. App. 1989); *State v. Darbin*, 109 Idaho 516, 523, 708 P.2d 921, 928 (Ct. App. 1985)). Here, Parvin elected that post-conviction was the preferable and best route to make his ineffective assistance of counsel claim. There is no Idaho case law or statute that makes his decision improper.

Because the district court dismissed this claim on the erroneous basis that it should have been raised on direct appeal, the court made no findings or conclusions on the merits of the claim. Therefore, we must remand for the district court to render findings and conclusions on

this claim, and if the court finds that ineffective assistance has been shown, the court must fashion a remedy.

## III.
## CONCLUSION

Parvin's ineffective assistance of counsel claim for failing to attempt to cause the district court to timely rule on his I.C.R. 35 motion was not raised on direct appeal in his initial criminal proceeding. Likewise, Parvin has demonstrated that he was not required to file his claim as a direct appeal and that his choice to pursue post-conviction relief was appropriate. The order dismissing the application for post-conviction relief is vacated and this case is remanded to the district court for further proceedings consistent with this opinion.

Judge LANSING and Judge MELANSON **CONCUR.**