IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 38241

| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 471 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 11, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| TARA MARIE MOSKIOS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Darla S. Williamson; Hon. Daniel B. Meehl, District Judges.

Judgment of conviction and sentence for trafficking in marijuana, affirmed.

Bublitz Law, PC, Boise, for appellant. Jessica B. Bublitz argued.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

_____

SCHWARTZMAN, Judge Pro Tem

Tara Marie Moskios was convicted of trafficking in marijuana, Idaho Code § 37-2732B(a)(1)(B), following a jury trial. She asserts that her case was improperly consolidated for trial with that of her co-defendant. She also asserts that the State elicited inadmissible testimony and that the district court erred by refusing to give a proposed jury instruction. We affirm.

I

BACKGROUND

A law enforcement officer received a tip from R.T., a confidential informant, indicating that Carlos Pinto (hereinafter "Carlos") would transport approximately twenty-one pounds of marijuana from Bend, Oregon to a house in Kuna, Idaho on December 10, 2009. Acting on the tip, officers conducted surveillance, and observed Carlos and his girlfriend, Moskios, as they arrived at the house in Kuna, where Brian Pinto (hereinafter "Brian") and his girlfriend, Samantha Martindale, resided. Carlos and Brian unloaded luggage from the car and into the

house. The luggage included a large black duffel bag that Carlos had "load[ed] up" with marijuana earlier that day.

Shortly thereafter, R.T. went to the house to conduct a previously arranged drug transaction. He was carrying prerecorded funds supplied by the police, and was equipped with an audio device which allowed police to monitor and record the transaction. A copy of the recording was subsequently entered into evidence at trial. As can be heard on the recording, Carlos described how a police officer closely followed Carlos and Moskios for fifteen miles during the drive from Burns to Kuna, but never pulled them over. During the narrative, Moskios noted that there were "21 'Ps' in the back of my car," and both Carlos and Moskios explained that it is "better to cruise with the family" to help avoid being stopped by police. Brian and R.T. went to a bedroom in the house where Brian retrieved six pounds of marijuana from a large black duffel bag and gave it to R.T., who in turn gave Brian the prerecorded funds to pay for a prior transaction.

After R.T. left, law enforcement officers executed a search warrant. Officers located the prerecorded funds, approximately fifteen pounds of marijuana in the duffel bag, and additional marijuana in the bedroom. The total amount of marijuana seized, including the marijuana obtained from the controlled buy, weighed more than twenty-three pounds. Moskios was arrested, admitted to police that she knew there was twenty-one pounds of marijuana in her vehicle when she drove from Burns to Kuna, and was subsequently indicted. Pursuant to the State's motion, the charge against Moskios was consolidated with the charges against Brian, Carlos, and Martindale. Brian and Carlos pled guilty before trial. Moskios and Martindale were tried jointly, and both were convicted of trafficking in marijuana. The district court entered judgment and imposed upon Moskios a unified sentence of five years, with a three-year determinate portion.

## II.

## ANALYSIS

### A.    Moskios' Improper Joinder Claim Is Not Reviewable

Moskios asserts that her case was improperly joined for trial under Idaho Criminal Rule 13 with that of co-defendant Samantha Martindale when "there was no real nexus of offenses for the two defendants, other than one's significant other had sold drugs to the other's

significant other" and because the joinder caused confusion and prejudice. The State argues that the error is not reviewable because it was not preserved.

An Idaho appellate court generally will not consider an assertion of error on appeal unless the issue was preserved in the trial court proceedings. *State v. Perry*, 150 Idaho 209, 224, 245 P.3d 961, 976 (2010); *State v. Johnson*, 126 Idaho 892, 896, 894 P.2d 125, 129 (1995). This rule encourages parties to timely raise objections in order to give the trial court an opportunity to consider and resolve or avoid the mistake. *Perry*, 150 Idaho at 224, 245 P.3d at 976. Nevertheless, a claimed trial error in a criminal case that was not followed by a contemporaneous objection may be reviewed on appeal if it amounts to fundamental error. To establish reversible fundamental error:

> (1) the defendant must demonstrate that one or more of the defendant's unwaived constitutional rights were violated; (2) the error must be clear or obvious, without the need for any additional information not contained in the appellate record, including information as to whether the failure to object was a tactical decision; and (3) the defendant must demonstrate that the error affected the defendant's substantial rights, meaning (in most instances) that it must have affected the outcome of the trial proceedings.

*Id.* at 226, 245 P.3d at 978 (footnote omitted). If the alleged error satisfies the first two elements of the *Perry* test, the error is reviewable. *Id.* To obtain appellate relief, however, the defendant must further persuade the reviewing court that the error was not harmless; i.e., that there is a reasonable possibility that the error affected the outcome of the trial and thereby prejudiced the defendant. *Id.*

Moskios did *not* object to the joinder or file a motion to sever. In her opening appellate brief, Moskios asserts that the joinder caused prejudice "through confusion of the issues, and spillover of the issues," without articulating a constitutional violation. In her reply brief, Moskios asserts, for the first time, that "the improper joinder in this case affected her Fourteenth Amendment due process right to a fair trial." Because the constitutional claim was raised for the first time in Moskios' reply brief, this Court will not consider it. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996) (holding that a party waives an issue on appeal if argument or authority is lacking); *State v. Gamble*, 146 Idaho 331, 336, 193 P.3d 878, 883 (Ct. App. 2008) (holding that the court will not ordinarily consider issues raised for the first time in the reply brief). Moskios' claim of erroneous joinder is not reviewable because the alleged error was not

3

objected to, no motion for severance was ever filed, and Moskios has not asserted, much less demonstrated, fundamental error.

**B.      Moskios' Ineffective Assistance of Counsel Claim Would be Better Brought in Post-Conviction Proceedings**

Moskios next asserts that counsel's failure to file a motion for severance was ineffective assistance of counsel. Moskios acknowledges that claims of ineffective assistance of counsel are ordinarily brought through post-conviction relief proceedings, but nevertheless asks this Court to consider the claim on direct appeal because the failure to file a motion for severance "is so fundamental and was so severely prejudicial in her case, that it amounts to ineffective assistance of counsel and is therefore properly brought on direct appeal."

Idaho appellate courts ordinarily do not address claims of ineffective assistance of counsel on direct appeal for two interrelated reasons. First, the record is rarely adequate for review of such claims (which generally involve complex factual determinations of competency). *Sparks v. State*, 140 Idaho 292, 296, 92 P.3d 542, 546 (Ct. App. 2004); *State v. Saxton*, 133 Idaho 546, 549-50, 989 P.2d 288, 291-92 (Ct. App. 1999). Second, an adverse decision after a review on the merits would become *res judicata*, thereby barring the claim in a post-conviction action. *State v. Hayes*, 138 Idaho 761, 766, 69 P.3d 181, 186 (Ct. App. 2003); *State v. Mitchell*, 124 Idaho 374, 375-76, 859 P.2d 972, 973-74 (Ct. App. 1993). "It should by now be clear that appellate counsel may do their clients a disservice by attempting to present such claims in an appeal from the criminal judgment, where the claims cannot be sustained on the existing record." *Saxton*, 133 Idaho at 550, 989 P.2d at 292. Only in the rare situation where the inadequacy of trial counsel's performance can be determined solely by reviewing the trial transcript will we address a claim of ineffective assistance on direct appeal. *See id.* We decline to address Moskios' ineffective assistance of counsel claim, and reiterate the oft-repeated admonishment that claims of ineffective assistance of counsel are more appropriately pursued through post-conviction relief actions, where the evidentiary record can be properly developed. *Saxton*, 133 Idaho at 549-50, 989 P.2d at 291-92.

**C.      Rule 404(b) Claim Is Not Reviewable**

Moskios asserts that testimony from three witnesses was erroneously permitted in violation of Idaho Rule of Evidence 404(b). However, Moskios did not raise an express Rule 404(b) objection during the testimony of any of the witnesses. If an objection is not raised below, it generally may not be considered for the first time on appeal. *State v. Norton*, 134 Idaho

875, 879, 11 P.3d 494, 498 (Ct. App. 2000). As noted above, Idaho appellate courts will review fundamental errors that clearly violate a defendant's constitutional rights as an exception to this general rule. *Perry*, 150 Idaho at 226, 245 P.3d at 978. Thus, where an asserted error relates to a violation of a rule or statute, instead of an infringement upon a constitutional right, the fundamental error doctrine may not be invoked. *Id.* at 228, 245 P.3d at 980. Here, Moskios has not asserted that the alleged violation was constitutional in nature.

Additionally, Moskios does not identify what specific portions of testimony violated Rule 404(b), but instead refers this Court to well over fifty pages of trial transcript including hundreds of questions and answers. It is not the role of an appellate court to scour the record in search of specific instances of errors that are alleged in an appellant's brief by way of sweeping and conclusory assertions. *State v. Norton*, 151 Idaho 176, 183, 254 P.3d 77, 84 (Ct. App. 2011) ("This Court will not pore through a trial transcript and evaluate each question and answer in order to determine whether there is objectionable material, let alone add them up and analyze them as a collective due process violation. As noted above, one of the purposes of the contemporaneous objection requirement is to avoid such a result.").

Accordingly, we decline to review Moskios' Rule 404(b) claims both because Moskios has not alleged, much less demonstrated, a clear constitutional violation, and because Moskios has not identified the specific testimony being challenged.

## D.     Moskios' Claim That the Prosecutor Exceeded the Scope of Direct Examination Is Partially Unreviewable and Otherwise Non-Meritorious

Moskios asserts that the court abused its discretion by allowing the prosecutor to elicit testimony from Carlos that went beyond the scope of direct examination. Moskios cites a single objection--in which defense counsel stated that the prosecutor had exceeded the scope of direct-- made after the prosecutor asked Carlos how long he had been unemployed.

Idaho Rule of Evidence 611(b) governs the scope of cross-examination, and provides that "[c]ross-examination should be limited to the subject matter of the direct examination and matters affecting the credibility of the witness. The court may, in the exercise of discretion, permit inquiry into additional matters as if on direct examination." As is made clear by that rule, the control of cross-examination is committed to the sound discretion of the trial judge. *See State v. Brummett*, 150 Idaho 339, 344, 247 P.3d 204, 209 (Ct. App. 2010). The court acted within its authority under Rule 611(b) to allow the prosecutor to ask Carlos how long he had been unemployed. At the time the question was asked, there was nothing to indicate that the

5

question was anything other than innocuous background information to provide context for Carlos's other testimony. Thus, the district court did not abuse its discretion by overruling Moskios' objection.

Moskios also appears to argue that the district court abused its discretion by allowing the testimony because subsequent questions and answers suggested that Carlos and Moskios had relied primarily on income received from Carlos's drug dealing for two years, and thus suggested that Moskios was at least aware of the activity, if not involved in it, in violation of Rule 404(b). However, defense counsel did not object to the subsequent questions under either Rule 404(b), as already discussed, or under Rule 611(b). Moskios has not alleged fundamental error. Thus, to the extent Moskios challenges "the entire line of questioning which ensued on cross-examination," the issue was not preserved by a timely objection below, and is not reviewable. *Perry*, 150 Idaho at 224, 245 P.3d at 976.

**E.      The District Court's Refusal to Give Moskios' Proposed Instruction Was Not Error**

Moskios contends that the district court erred by refusing to instruct the jury that the State was required to prove that the defendant had "dominion and control" of a substance in order to prove possession. The court initially accepted Moskios' proposed instruction, but later reversed itself and instructed the jury without the word "dominion" as follows: "A person has possession of something if the person knows of its presence and has physical control of it, or has the power and intention to control it."

The question of whether the jury has been properly instructed is a question of law over which we exercise free review. *State v. Severson*, 147 Idaho 694, 710, 215 P.3d 414, 430 (2009). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v. Bowman*, 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct. App. 1993). We presume the jury followed the district court's instructions. *See State v. Kilby*, 130 Idaho 747, 751, 947 P.2d 420, 424 (Ct. App. 1997); *State v. Hudson*, 129 Idaho 478, 481, 927 P.2d 451, 454 (Ct. App. 1996).

The instruction given by the court was the standard I.C.J.I. 421, and thus is presumptively correct. *McKay v. State*, 148 Idaho 567, 571 n.2, 225 P.3d 700, 704 n.2 (2010); *State v. Merwin*, 131 Idaho 642, 647, 962 P.2d 1026, 1031 (1998). Moskios argues that the instruction is erroneous because previous cases have included "dominion" as an element of possession. Moskios relies on *State v. Rozajewski*, 130 Idaho 644, 647, 945 P.2d 1390, 1393 (Ct. App. 1997)

6

where we held that constructive possession exists when a defendant "had the power and intent to exercise dominion and control over the substance." However, *Rozajewski* in turn relies on *State v. Garza*, 112 Idaho 778, 784, 735 P.2d 1089, 1095 (Ct. App. 1987), in which this Court used the phrases "dominion *and* control" and "dominion *or* control" interchangeably. (Emphasis added.) *See also State v. Zentner*, 134 Idaho 508, 510, 5 P.3d 488, 490 (Ct. App. 2000) (using phrase "dominion or control"); *State v. Fairchild*, 121 Idaho 960, 968-69, 829 P.2d 550, 558-59 (Ct. App. 1992) (approving instruction with "dominion or control"); *State v. Montague*, 114 Idaho 319, 321 n.2, 756 P.2d 1083, 1085 n.2 (Ct. App. 1988) (using phrase "dominion or control"). None of these cases indicate an intent to create an additional element through the use of the word "dominion." As stated by a California appellate court:

> The phrase ["dominion and control"] is redundant and archaic. The word "dominion" is defined as "Control; possession" (Black's Law Dict. (8th ed. 2004) p. 525); or "rule; control; domination." (Random House Dict. of the English Language (2d ed.1987) p. 582.) To dominate is "to rule over; govern; control." (*Ibid.*)

*People v. Montero*, 66 Cal. Rptr. 3d 668, 672 (Cal. Ct. App. 2007).

Moskios has not rebutted the presumption that the I.C.J.I. instruction given by the trial court--which excluded the word "dominion"--is a correct statement of law. Therefore, the district court did not err by refusing to give Moskios' proposed instruction instead of the I.C.J.I. instruction.

## F.     The Cumulative Error Doctrine Is Inapplicable

Finally, Moskios claims that the cumulative error doctrine applies here, necessitating a reversal of her conviction. "Under the doctrine of cumulative error, a series of errors, harmless in and of themselves, may in the aggregate show the absence of a fair trial. However, a necessary predicate to the application of the doctrine is a finding of more than one error." *Perry*, 150 Idaho at 230, 245 P.3d at 982 (citation omitted). Since Moskios has failed to demonstrate any error, the cumulative error doctrine is inapplicable.

## III.

## CONCLUSION

Moskios did not object to the consolidation of her case or the admission of evidence that she now contends violated Rule 404(b), and has not demonstrated a constitutional violation, thus the claims are not reviewable. We decline to review Moskios' claim of ineffective assistance of

7

counsel on direct appeal.  The district court did not abuse its discretion by permitting the State to exceed the scope of direct examination, and did not err by refusing to give Moskios' proposed instruction.  Finding no error, we affirm Moskios' conviction for trafficking in marijuana.

Judge GUTIERREZ and Judge MELANSON **CONCUR.**