**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42935**

| | |
|---|---|
| NICHOLAS DAVID JOHNSON, aka MEEKS, | ) 2016 Unpublished Opinion No. 744 |
| | ) |
| | ) Filed: October 21, 2016 |
| Petitioner-Appellant, | ) |
| | ) Stephen W. Kenyon, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Molly J. Huskey, District Judge.

Order summarily dismissing petition for post-conviction relief, affirmed.

Nicholas David Johnson, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Nicholas David Johnson appeals from the district court's order summarily dismissing his petition for post-conviction relief. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In the underlying criminal case, a jury found Johnson guilty of second degree murder, Idaho Code § 18-4001. The district court imposed a unified life sentence with fifteen years determinate. Johnson filed an Idaho Criminal Rule 35 motion for reduction of his sentence, which was denied by the district court. Johnson filed a timely notice of appeal from the judgment of conviction and the order denying his Rule 35 motion. This Court affirmed both Johnson's conviction and order denying his Rule 35 motion. *State v. Johnson*, No. 39573 (Ct. App. Nov. 1, 2013) (unpublished).

1

Thereafter, Johnson filed two pro se motions for a new trial that the district court treated as a single petition for post-conviction relief. The State filed a motion for summary dismissal on the grounds that it was not supported with evidence and was not verified. Johnson filed an amended petition with the assistance of counsel, to which the State responded with an amended motion for summary dismissal. The district court ultimately granted the State's motion for summary dismissal. Johnson timely appeals.

## II.

## ANALYSIS

Johnson asserts the district court erred in summarily dismissing his petition for post-conviction relief. A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not

required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

As an initial matter, Johnson argues the district court's notice of intent to dismiss his petition for post-conviction relief was insufficient because it did not inform him what he needed to do to avoid summary dismissal. First, the district court did not file a notice of intent to dismiss but, instead, granted the State's motion for summary dismissal. Second, in *DeRushé*, the Court held that the question of specificity of notice must be raised in the trial court and may not be raised for the first time on appeal. *DeRushé*, 146 Idaho at 602, 200 P.3d at 1151. Third, where the district court dismisses on grounds stated in the party's motion, there is no additional notice requirement because the party's motion to dismiss serves as the notice itself. *Workman v. State*, 144 Idaho 518, 524, 164 P.3d 798, 804 (2007). Fourth, so long as the district court dismisses a petition for post-conviction relief based in part on the arguments presented by the State, this is sufficient to meet the notice requirements. *Kelly*, 149 Idaho at 523, 236 P.3d at 1283.

In this case, the State filed a motion for summary dismissal. It based its motion on Johnson's failure to state claims for which relief may be granted, failed to provide sufficient and admissible evidence for each claim including ineffective assistance of counsel, and failed to satisfy the prongs of the *Strickland*[1] standard requiring petitioner to show that the attorney's performance was deficient and the petitioner was prejudiced by the deficiency. Thus, the motion did, in fact, advise Johnson of the deficiencies he needed to cure to avoid dismissal. Moreover, in granting the State's motion to summarily dismiss Johnson's petition for post-conviction relief, the district court found that Johnson had failed to establish ineffective assistance of counsel, failed to support his claims with admissible evidence, and failed to show resulting prejudice by counsel's performance. Because the district court granted the State's motion to summarily dismiss on grounds asserted by the State in its motion, the court was not required to provide twenty days' notice of its intent to dismiss Johnson's petition for post-conviction relief. Therefore, Johnson's argument that the district court's notice of intent to dismiss his petition for post-conviction relief was insufficient fails.[2]

---

[1]      *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

[2]      Although we address the specific arguments raised by Johnson in his brief, we note that his appellate brief contains no citations to the record. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996).

4

As to specific claims, Johnson argues that he received ineffective assistance of counsel due to counsel's failure to inform him of a plea deal and because his counsel waived an evidentiary hearing without consulting with him, thus precluding him from presenting evidence of self-defense. A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

Johnson relies on *Lafler v. Cooper*, ____ U.S. ____, 132 S. Ct. 1376 (2012), which holds that a defendant has the right to effective assistance of counsel in considering whether to accept a plea bargain that has been offered. *Id*. at ___, 132 S. Ct. at 1387. It further holds that prejudice can be shown if that right is denied and results in convictions on more serious charges or the imposition of a more severe sentence. *Id*. To establish *Strickland* prejudice, a defendant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Lafler*, ___ U.S. at ____, 132 S. Ct. at 1384. In *Lafler*, all parties agreed the performance of defendant's counsel was deficient when he advised respondent to reject the plea offer on the grounds he could not be convicted at trial. *Id*. Further, he was able to establish that he received a sentence at trial that was three and one-half times more severe than he likely would have received by pleading guilty. *Id*. at ____, 132 S. Ct. at 1386. In the present case, the parties have not agreed that Johnson's counsel was deficient.

5

Johnson has not set forth any admissible evidence as to the contents of the plea offer, when it was made, or whether he would have accepted it; thus, he has not shown that the result of the proceeding would have been different but for counsel's actions. Therefore, he has not met the *Strickland* threshold as applied in *Lafler* and the district court did not err in granting the State's motion as to this claim.

Next, Johnson argues his counsel was ineffective because he waived an evidentiary hearing without consulting with Johnson, thus precluding Johnson from presenting evidence of self-defense. Johnson does not challenge the district court's finding of fact that Johnson himself consented to the waiver of the evidentiary hearing, and therefore, his claim is belied by the record. Moreover, Johnson fails to submit any evidence that his waiver was invalid. In addition, the district court correctly noted, "where at a fair trial the accused is found guilty upon sufficient evidence to sustain the verdict, the judgment will not be overturned for defects in proof at the preliminary hearing." *State v. Streeper*, 113 Idaho 662, 664-65, 747 P.2d 71, 73-74 (1987). In the present case, Johnson's strategy at trial was to argue that his actions were in self-defense. He was found guilty of second degree murder after a jury trial which included witness testimony. He has failed to allege which testimony would have been different had the preliminary hearing not been waived. The district court found that only one witness provided testimony that differed from a previous statement and he was cross-examined about the change in his testimony. Johnson fails to establish any prejudice, including to his strategy of arguing self-defense, resulted from the waiver of the preliminary hearing. Therefore, the district court did not err in granting the State's motion to summarily dismiss this claim.

Johnson also contends that the district court erred in summarily dismissing claims (c), (i), (j), (k), (m), (n), (o), (p), (q), and (v). As an initial matter, the district court held that Johnson failed to establish deficient performance as to each of these claims because the subject matter of the evidence at issue in each claim related to Johnson as the killer, the manner of death, or the identity of the victim. Since Johnson did not deny any of these issues, the evidence was not germane to his claim of self-defense, and therefore, counsel was not deficient in challenging the evidence. Having reviewed these claims, we agree that except for claim (c), each claim relates to evidence of Johnson having stabbed the victim and none of the evidence relates to Johnson's

6

state of mind or other elements of self-defense.[3]  Therefore, counsel's handling of the evidence was consistent with the trial strategy of presenting a case of self-defense and Johnson's claims fail to establish deficient performance or prejudice.

In regard to claim (c), Johnson asserted that counsel was deficient in failing to call Johnson's girlfriend who would have explained the context of a text message that Johnson sent to her on the night of the incident, corroborating his testimony.  The text message said "Fuck you, asshole.  I'm fighting right now?"  Johnson testified that he did not mean to send it, he was intoxicated and he maybe mis-typed or left out some words.  His girlfriend submitted an affidavit that she and Johnson had been arguing about whether she would be able to get to the party and that when he texted the term "fighting," it referred to the verbal argument between the two of them.  The district court discussed this information in conjunction with other evidence in the record regarding verbal jabs between Johnson and the victim.  The court held that "even if it was deficient performance not to call [girlfriend] as a witness, Petitioner has failed to establish by admissible evidence a reasonable probability the outcome of the case would have been different."  On appeal, Johnson only includes this claim with the others discussed above.  He has not directly addressed this issue or demonstrated that the district court's finding regarding a lack of prejudice is erroneous.

In his appellate brief, Johnson also references his claims that trial counsel failed to spend enough time with him and failed to give him all of the discovery.  The argument appears to relate to claims (d) and (e) in the petition.  The district court directly addressed these claims and held:

> Taking those facts as true, Petitioner has failed to allege by admissible evidence that having a copy of the discovery would have aided him in assisting his attorney prepare a self-defense, thus he has not established he suffered any prejudice. Further, he does not establish how spending more time with his attorney would have resulted in a different outcome.

---

[3]       Johnson's only complaint on appeal, is that the district court, in describing counsel's theory of the case was that Johnson "had caused the death of the victim with malice aforethought but that the killing was done in self-defense."  Johnson contends that contesting malice aforethought is not inconsistent with self-defense.  Despite the district court's characterization of the defense, the evidence at issue neither goes to malice aforethought nor any state of mind. Moreover, Johnson has not pointed to anything in the record or transcript where defense counsel actually admitted to or failed to contest evidence regarding malice aforethought.

In his brief, Johnson only claims that the alleged failures to spend more time and deliver discovery led to all of the other failures alleged in the petition. His conclusory assertion is insufficient to demonstrate any error in the district court's determination regarding lack of prejudice.

Finally, Johnson claims Idaho is constructively denying assistance of counsel for his claims of ineffective assistance of trial counsel. He argues this is a result of the State Appellate Public Defenders' (SAPD) policy of not bringing ineffective assistance of counsel claims on direct appeal. He contends that the SAPD's policy of not raising ineffective assistance of trial counsel claims on direct appeal, where he is entitled to effective assistance of counsel, leaves no option but to pursue ineffective assistance of trial counsel claims in post-conviction, where he is not entitled to the effective assistance of counsel. Thus, he claims that he is denied assistance of counsel regarding such claims. The SAPD's policy is consistent with this Court's holdings. This Court has consistently held that a claim of ineffective assistance of counsel is an issue rarely appropriate on direct appeal from a judgment of conviction; rather, the appropriate procedure for criminal defendants is to bring an ineffective assistance of counsel claim through an application for post-conviction relief where a more complete evidentiary record can be developed. *State v. Doe*, 136 Idaho 427, 433, 34 P.3d 1110, 1116 (Ct. App. 2001). The record for review of claims of ineffective assistance of counsel is rarely adequate for review on direct appeal, and the absence of any record supporting the claims would generally require the court to reach a decision adverse to the party making the claim. *State v. Saxton*, 133 Idaho 546, 549, 989 P.2d 288, 291 (Ct. App. 1999). An adverse decision after a review on the merits if it were reviewed on direct appeal would become res judicata, thus barring the claim in a post-conviction action. *Id*. The reasoning for the practice of bringing such claims on a post-conviction relief motion rings true in the instant action, as evidenced by the fact that the very claims of ineffective assistance of counsel that Johnson asserts require record development. Johnson's complaint is really with the Supreme Court's determination that he is not entitled to the effective assistance of counsel in post-conviction, which this Court has no ability to address. The policy of the SAPD did not constructively deprive Johnson of assistance of counsel.

### III.

### CONCLUSION

Johnson has failed to show error in the district court's order summarily dismissing his petition for post-conviction relief, and therefore, the order is affirmed. Costs on appeal to respondent.

Chief Judge MELANSON and Judge GUTIERREZ **CONCUR**.